PANDORA HOOVER v. R. C. CROTTS AND WIFE, SARAH CROTTS, AND THELMA W. THOMPSON AND HUSBAND, M. R. THOMPSON.

(Filed 8 November, 1950.)

**1. Pleadings § 28—**

Motion for judgment on the pleadings is properly denied when the material facts are not admitted, *a fortiari* when the answer raises issues of fact.

**2. Appeal and Error § 6c (2)—**

Exception must be made to a particular finding of fact, and a broadside exception to the findings of fact and the conclusions of law based thereon, is insufficient.

**3. Same—**

An exception to the judgment presents the single question whether the facts found and admitted are sufficient to support the judgment, and does not bring up for review the findings of fact or the evidence upon which they are based.

**4. Ejectment § 5—**

Where, in an action in ejectment against a tenant for nonpayment of rent, the answer denies default and pleads tender of the rent under G.S. 42-33, judgment on the pleadings in plaintiff's favor is properly denied, and the term not having expired, the tender of rent in arrears before judgment would bar the cause.

**5. Landlord and Tenant § 23—**

> The lease in suit was for a period of five years with the right to renew for an additional five year period, the rent being payable the first of each month in advance. The term began on the fourteenth of the month. On the first of that month during which the first five year term ended, notice to vacate on the tenth of the next succeeding month was served on lessees. *Held:* The notice is insufficient.

APPEAL by plaintiff from *Sharp, Special Judge,* May Special Term, 1950, RANDOLPH. Affirmed.

Civil action in ejectment.

On 14 June 1945, plaintiff leased the *locus in quo* to defendant for a term of five years, with the right to renew for an additional five-year period, at the rental of $300 per year, payable monthly on the first day of each month. It had become the custom for plaintiff to call by the premises on the first or second of each month to receive her rent. On 1 June 1950, she did not call for the monthly rental due on that day and it was not paid on that day. Plaintiff immediately served notice on defendants to vacate on or before 10 July, 1950. Defendants, on 2 June 1950, after service of said notice, tendered the rent due, which plaintiff declined to accept.

The parties having waived trial by jury and agreed that the court should hear the evidence, find the facts, and render judgment thereon, the court below found the facts and rendered judgment for defendants.

At the beginning and at the conclusion of the hearing, the plaintiff moved for judgment on the pleadings. The motion was denied and plaintiff excepted and appealed from the judgment entered.

*Miller & Moser for plaintiff appellant.*
*Spence, Smith & Walker for defendant appellees.*

BARNHILL, J. The exception to the refusal of the court to render judgment on the pleadings is untenable. Defendants denied default in the payment of rent and plead tender thereof under G.S. 42-33. Thus it appears that all material facts are not admitted. Instead, the answer raises issues of fact for the jury. There can be no judgment for plaintiff on the pleadings unless the facts entitling plaintiff to relief are admitted, and no valid defense or plea in avoidance is asserted in the answer.

The plaintiff does not except to any particular finding of fact. She merely enters a broadside exception "to the findings of fact and the conclusions of law based thereon." Such exception presents nothing for review.

The exception to the judgment entered presents the single question whether the facts found and admitted are sufficient to support the judg-

ment. It is insufficient to bring up for review the findings of fact or the evidence upon which they are based. *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609.

This is an action brought to recover possession of demised premises before the expiration of the term, upon allegation of a forfeiture for the nonpayment of rent. Hence a tender of the rent in arrears before judgment barred further proceedings in the cause. G.S. 42-33. On this point plaintiff cites and relies on *Midimis v. Murrell,* 189 N.C. 740, 128 S.E. 150, but that case is clearly distinguishable and does not control decision here.

The notice to vacate served on defendants does not appear of record. If it is in conformity with the allegation in the complaint, it is insufficient.

In short, the facts found by the court below sustain the judgment entered. It must therefore be

Affirmed.