G. S. DONNELL, T/A EASTERN OIL TRANSPORT COMPANY, v. E. R. COX
AND MAMIE COLE COX, T/A COX AUTO SERVICE.

(Filed 5 May, 1954.)

**1. Appeal and Error § 24—**

An assignment of error to the findings of fact by the court below must be supported by an exception to such facts.

**2. Appeal and Error § 40d—**

When no exception is taken to the findings of fact it will be presumed that the findings are supported by the evidence.

APPEAL by defendant Mamie Cole Cox from *Burney, J.,* October Term, 1953, of NEW HANOVER.

This is a civil action to recover from the defendants the sum of $883.17 for petroleum products sold and delivered.

The defendants are citizens and residents of Richmond County. The summons purports to have been duly served on both defendants and a copy of the complaint delivered to them on 13 January, 1953. No answer was filed and judgment by default final was entered on 3 March, 1953, by the Assistant Clerk of the Superior Court of New Hanover County.

The defendant Mamie Cole Cox filed a motion before the Clerk of the Superior Court of New Hanover County on 9 July, 1953, to set aside the judgment on the ground that no summons had been served on her. The motion was denied and she appealed to the Superior Court.

The matter came on for hearing in the Superior Court and his Honor found the following facts: That the summons was duly "issued from the Superior Court in New Hanover County on the 12th day of January, 1953, directed to the Sheriff of Richmond County, and the Sheriff of Richmond County, through his duly appointed and qualified deputy sheriff, namely: J. J. Heeney, served upon the defendant, Mamie Cole Cox, on the 13th day of January, 1953, a copy of the summons and a copy of the duly verified complaint by reading the summons to and delivering a copy of the summons and a copy of the complaint to the defendant, Mamie Cole Cox."

Whereupon, the court denied the motion and affirmed the order of the Clerk of the Superior Court of New Hanover County. The defendant Mamie Cole Cox appeals, assigning error.

*Stevens, Burgwin & McGhee for plaintiff, appellee.*
*M. C. McLeod for defendant, appellant.*

PER CURIAM. The appellant assigns as error the findings of fact by the court below. However, the assignment is not supported by an excep-

tion to such findings, therefore, it is feckless. *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Wyatt v. Sharp,* 239 N.C. 655, 80 S.E. 2d 762. Moreover, when no exception is taken to findings of fact, they are presumed to be supported by the evidence and are binding on appeal. *Wyatt v. Sharp, supra,* and cases cited therein.

The ruling of the court below is

Affirmed.