JOHN W. MOORE v. BRIGHT W. CROSSWELL.

(Filed 4 June, 1954.)

**1. Appeal and Error § 6c (5)—**

While exceptions to the charge may be noted after trial, such exceptions should be included in appellant's statement of case on appeal as served on appellee.

**2. Appeal and Error § 23—**

> The function of the assignment of errors is to group and bring forward such of the exceptions previously noted as the appellant desires to preserve and present to the Court, and may be prepared after service of case on appeal.

**3. Appeal and Error § 24—**

> An assignment of error not supported by an exception duly taken will be disregarded.

**4. Appeal and Error § 6c (2)—**

> A sole exception to the judgment presents only the face of the record proper for review, and when no error appears thereon, the appeal must fail.

APPEAL by plaintiff from *Grady, Emergency Judge,* and a jury, at January Civil Term, 1954, of DURHAM.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, tried below on issues of negligence and contributory negligence. Both issues were answered in the affirmative.

From judgment on the verdict decreeing that the plaintiff recover nothing, he appealed.

*C. Horton Poe, Jr., for plaintiff, appellant.*
*Reade, Fuller, Newsom & Graham for defendant, appellee.*

JOHNSON, J. This appeal is predicated upon assignments of error, both of omission and commission, in the charge. Yet, the assignments urged are not supported by exceptions previously noted as required by our rules. See Rules 19 (3) and 21, Rules of Practice in the Supreme Court, 221 N.C. 554. While exceptions to the charge may be noted after trial, when the statement of case on appeal is prepared, even so, such exceptions should be included in appellant's statement of case on appeal as served on the appellee, in order that the latter may be fully apprised at that juncture of the theory of the appeal. The assignment of errors, not necessarily being a part of the statement of case on appeal, may be prepared later. The function of the assignment of errors is to group and bring forward such of the exceptions previously noted in the case on appeal as the appellant desires to preserve and present to the Court. 3 Am. Jur., Appeal and Error, Sections 694 and 695. Therefore, an assignment of error not supported by an exception will be disregarded. *Worley v. Logging Co.,* 157 N.C. 490, 73 S.E. 107. It is so ordered here.

The only exception appearing in the record is to the signing and entering of the judgment from which the appeal is taken. This presents only the face of the record proper for inspection and review, and when no

error appears thereon, the appeal must fail. *Query v. Insurance Co.,* 218 N.C. 386, 11 S.E. 2d 139; *Smith v. Smith,* 226 N.C. 506, 39 S.E. 2d 391; *Bourne v. Edwards,* 238 N.C. 261, 77 S.E. 2d 616; *Donnell v. Cox, ante,* 259, 81 S.E. 2d 664. Here the verdict supports the judgment and no error appears on the face of the record.

No error.