HAROLD SUITS v. OLD EQUITY LIFE INSURANCE COMPANY.

(Filed 4 February, 1955.)

1. **Process § 8e—**

Findings to the effect that defendant insurance company and its predecessor solicited applications for insurance, delivered policies and collected premiums in this State through the United States mail is sufficient to show that defendant was transacting business in this State within the meaning of G.S. 58-164 (e), and that process served on the Insurance Commissioner in compliance with this statute renders defendant amenable to the jurisdiction of our courts, and meets the requirements of due process.

2. **Appeal and Error § 6c (3)—**

When it is claimed that findings of fact made by the judge are not supported by competent evidence, a litigant who would invoke the right of review must point out specifically the alleged error by exception duly taken, and an assignment of error alone will not suffice.

3. **Appeal and Error § 23—**

The function of the assignment of errors is to group and bring forward such of the exceptions previously noted in the case on appeal as appellant desires to preserve and present for review.

4. **Appeal and Error § 24—**

An assignment of error not supported by an exception will be disregarded. This rule is mandatory and will be enforced *ex mero motu.*

5. **Appeal and Error § 6c (2)—**

A sole exception to the judgment presents for review the single question whether the facts found support the judgment, and does not present the findings of fact or the evidence upon which they are based.

APPEAL by defendant from *Sharp, Special Judge,* at 12 July, 1954, Term of GUILFORD (Greensboro Division).

Civil action to recover on policy of life insurance, heard below on special appearance and motion of the defendant to quash service of process upon it.

The following facts were found by the court:

"1. The plaintiff, Harold W. Suits, is a . . . resident of Guilford County, North Carolina.

"2. The defendant, Old Equity Life Insurance Company, is a corporation, organized and existing under the laws of the State of Indiana . . ., and is qualified to do business in Ohio and Indiana.

"3. On or about February 24, 1950, the defendant, Old Equity Life Insurance Company, a stock company, entered into a re-insurance agreement with Old Equity Insurance Company, an. assessment company, under which agreement the defendant, Old Equity Life Insurance Company, assumed and agreed to perform all . . . the terms, provisions, and

obligations contained in the insurance policies which Old Equity Insurance Company had issued and which were outstanding.

"4. The officers executing the contract of re-insurance in behalf of Old Equity Life Insurance Company and Old Equity Insurance Company were the same individuals.

"5. Old Equity Insurance Company was engaged in the business of writing life, health, accident, and hospitalization insurance policies in all 48 states and the District of Columbia.

"6. The defendant, Old Equity Life Insurance Company and Old Equity Insurance Company were never licensed to do business in North Carolina, had no property in North Carolina and had no regular employees, officers or insurance salesmen in North Carolina and never formally designated any process agent as such.

"7. During August of 1949, Old Equity Insurance Company mailed to the plaintiff, Harold Suits, at his home in Guilford County, North Carolina, . . . a solicitation for the purchase of a lifetime income protection policy of insurance. Two application blanks were included in the solicitation to the plaintiff, and on the application blanks there was a printed notice that if the applicant used only one blank he should give the other to a friend or some member of his or her family. . . .

"8. On or about August 29, 1949, the plaintiff, Harold Suits, filled out one of the application blanks and mailed it in Guilford County to the Old Equity Insurance Company, Gary, Indiana. He included the first premium.

"9. On the basis of the application and receipt of the first premium, Old Equity Insurance Company issued to the plaintiff its Life Time Income Protection Policy of Insurance No. LM78.105, . . . This policy stated that disability benefits were payable for accidents that occurred after September 1, 1949. It further stated that by virtue of the policy and while the same remained in force, that the plaintiff was a member of Old Equity Insurance Company and entitled to vote at its annual meetings or any special meetings of its members.

"10. The aforesaid policy of insurance was issued by Old Equity Insurance Company and mailed in Indiana to the plaintiff who received it at his home in Guilford County, North Carolina, by use of the U. S. Mails.

"11. Neither Old Equity Insurance Company nor Old Equity Life Insurance Company has ever advertised or solicited applicants for insurance within the State of North Carolina by advertisements in newspapers or magazines or through the media of radio or television, but did advertise and solicit persons in North Carolina through the U. S. Mail.

"12. During December of 1949 the plaintiff received through the U. S. Mail a little booklet from the Old Equity Insurance Company. . . . The

booklet set out a partial list of claims paid by Old Equity Insurance Company and according to this list at least 40 claims had been paid to citizens and residents of the State of North Carolina. At the same time the plaintiff received the booklet, he also received another solicitation from Old Equity Insurance Company together with another application blank to double the benefits which he already had on his policy. The plaintiff did not submit this application blank.

"13. Old Equity Insurance Company issued and delivered contracts of insurance to other residents of North Carolina and collected from those insured by it the premiums agreed to be paid by the insured.

"14. On or about November 1, 1952, the plaintiff was seriously injured in an automobile accident in Guilford County, North Carolina, and the plaintiff promptly gave notice to the defendant of his injury but the defendant has not paid anything to the plaintiff under the terms of the insurance policy.

"15. Prior to the time of the plaintiff's injury the plaintiff had paid all premiums due by depositing same in the mails in North Carolina for transmission to the defendant at its office in Gary, Indiana. The plaintiff has been at all times a citizen and resident of Guilford County, North Carolina.

"16. During March of 1953 the defendant sent a claims adjuster, Mr. H. J. Alley, to the State of North Carolina from Indiana to investigate the claim of the plaintiff. Mr. Alley interviewed the plaintiff at his home in Guilford County concerning his injuries. No other adjuster for either Old Equity Life Insurance Company or Old Equity Insurance Company ever came to North Carolina, but claims have been paid by issuance of checks in Gary, Indiana, drawn on Indiana banks and forwarded to claimants via the U. S. Mails.

"17. On or about April 6, 1954, the plaintiff instituted suit in the Superior Court of Guilford County, Greensboro Division, and caused two copies each of summons and complaint to be served on the Insurance Commissioner of North Carolina pursuant to the General Statutes of North Carolina, G.S. 58-164 (e). All . . . the statutory requirements relating to the method of service of process on the defendant were properly performed by the plaintiff.

"18. Old Equity Insurance Company and the defendant, Old Equity Life Insurance Company transacted business in the State of North Carolina without a license and issued and delivered a policy of insurance to a citizen and resident of this State.

"19. This is a suit arising out of such policy of insurance.

"20. The issuance and delivery of such policy of insurance was a signification of the agreement of Old Equity Insurance Company, which agreement is binding upon the defendant Old Equity Life Insurance

Company, that service of process upon the Commissioner of Insurance of North Carolina in the method followed by the plaintiff would be of the same legal force and validity as personal service of process in this State."

Upon the foregoing findings of fact the court concluded as a matter of law that the service of summons is legal, valid, and binding upon the defendant, and accordingly entered judgment denying the defendant's motion to quash the service of process. From the judgment so entered, the defendant appealed.

*Brooks, McLendon, Brim & Holderness, by G. Neil Daniels, for defendant, appellant.*

*Smith, Moore, Smith & Pope, by Bynum M. Hunter, for plaintiff, appellee.*

JOHNSON, J. It is manifest the facts found by the court below disclose that the defendant and its predecessor were transacting business in the State of North Carolina within the meaning of G.S. 58-164 (e) and that the service of process under this statute was sufficient to meet the requirements of due process and hold the defendant amenable to the jurisdiction of the Superior Court of Guilford County. See *Lunceford v. Association,* 190 N.C. 314, 129 S.E. 805; *Travelers Health Asso. v. Virginia,* 339 U.S. 643, 70 S. Ct. 927, 94 L. Ed. 1154; *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A.L.R. 1057; *Parmelee v. Iowa State Traveling Men's Asso.,* 206 F. 2d 518, *cert.* den. 346 U.S. 877, 98 L. Ed. 384; *Zacharakis v. Bunker Hill Mutual Insurance Co.,* 120 N.Y.S. 2d 418; Annotation: 94 L. Ed. 1167, 1175.

The appeal seems to be predicated in the main upon assignments of error to the effect that the court erred in making findings of fact Nos. 5, 13, 18, and 20. But these assignments are not supported by exceptions previously noted as required by our rules. See Rules 19 (3) and 21, Rules of Practice in the Supreme Court, 221 N.C. 544.

When it is claimed that findings of fact made by the judge are not supported by competent evidence, a litigant who would invoke the right of review must point out specifically the alleged error. This he must do by exception. The assignment of error alone will not suffice. *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Donnell v. Cox,* 240 N.C. 259, 81 S.E. 2d 664.

The function of the assignment of errors is to group and bring forward such of the exceptions previously made and noted in the case on appeal as the appellant desires to preserve and present to the Court. *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175. Therefore an assignment of error not supported by an exception will be disregarded.

*Moore v. Crosswell, supra; Donnell v. Cox, supra; S. v. Gordon, ante,* 356. This rule is mandatory and will be enforced *ex mero motu. Anderson v. Heating Co.,* 238 N.C. 138, 76 S.E. 2d 458; *Donnell v. Cox, supra; Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126.

The only exception in the instant record is the general exception to the judgment. This brings here for review the single question whether the facts found support the judgment. It does not bring up for review "the findings of fact or the evidence on which they are based." *Hoover v. Crotts,* 232 N.C. 617, 61 S.E. 2d 705; *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488.

Here the findings of fact support the judgment. This suffices to work an affirmation of the judgment below. Further discussion is not necessary.

Nevertheless, we have examined the record and conclude that the determinative findings of fact are not subject to successful challenge. The record is free of prejudicial or reversible error and the judgment is in accord with the decided weight of authority.

The cases cited by the defendant are distinguishable or are not considered authoritative.

The judgment below is

Affirmed.