M. M. RIGSBEE AND WIFE, JULIA E. RIGSBEE, v. CARL H. PERKINS.

(Filed 30 June, 1955.)

**1. Appeal and Error § 6c (5) —**

    An exception to the entire charge without specifying wherein it is claimed the trial judge erred in instructing the jury, is ineffective as a broadside exception.

**2. Same—**

    An exception to an instruction as given does not ordinarily challenge the omission of the court to charge further on the same or another aspect of the case.

**3. Appeal and Error § 23—**

    The function of the assignments of error is to group and bring forward such of the exceptions previously noted in the case on appeal as appellant desires to preserve and present for review, and an assignment of error not supported by exception comes to naught and will be disregarded.

APPEAL by defendant from *Gwyn, J.*, and a jury, at 27 September, 1954, Civil Term of GUILFORD, Greensboro Division.

Civil action in deceit to recover damages for losses resulting from the alleged false and fraudulent representations made by the defendant in selling plaintiffs a one-half interest in a used-car business known as Perkins Motors.

There were twenty-one motor vehicles on the used-car lot at the time of sale. Most of them were subject to floor-plan liens held by finance companies. The plaintiffs alleged, and offered evidence tending to show, that two of the vehicles, a Dodge Coronet and a gray Pontiac, were represented by the defendant to be the property of Perkins Motors and free and clear of encumbrance, except a lien of $750 against the Pontiac; whereas in fact these vehicles were subject to undisclosed liens of more than $2,500, and the title to the Pontiac was registered in the name of a third party.

The issues of fraud and damages were answered by the jury in favor of the plaintiffs, and from judgment on the verdict awarding the plaintiffs a recovery of $2,500, the defendant appeals.

*Holt, McNairy, Harris and Smith for plaintiffs.*
*Harry R. Stanley for defendant.*

JOHNSON, J. The defendant has brought forward only one assignment of error. By it he urges that the trial court made errors of omission by failing in two particulars to declare and explain the law arising on the evidence as required by G.S. 1-180. The questions sought to be raised by the assignment of error need not be discussed for the reason that the assignment does not appear to be supported by an exception previously noted, as required by our rules. See Rules 19(3) and 21, Rules of Practice in the Supreme Court, 221 N.C. 554.

The only exception to the charge is Exception No. 3, as to which the record discloses that the defendant "excepts to the whole charge of the court between the letters (A) and (B)." Between the letters (A) and (B) appears the entire charge of the court, approximately fifteen pages in length. The exception does not specify wherein it is claimed the trial judge erred in instructing the jury. Therefore, the exception is broadside and is wholly ineffectual to support the assignment of error as brought forward. *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175; *Price v. Monroe,* 234 N.C. 666, 68 S.E. 2d 283; *Poniros v. Teer Co.,* 236 N.C. 145, 72 S.E. 2d 9. Besides, an exception to an instruction as given does not ordinarily challenge the omission of the court to charge further on the same or another aspect of the case. *Peek v.*

*Bank,* 242 N.C. 1, 16, 86 S.E. 2d 745, 756; *Karpf v. Adams; Runyon v. Adams,* 237 N.C. 106, 114, 74 S.E. 2d 325, 330.

Thus it is manifest that the assignment of error on which the appeal is predicated is not supported by an exception. And the rule is that only an exception previously noted in the case on appeal will serve to present a question of law for this Court to decide. *S. v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322; *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208. The function of the assignments of error is to group and bring forward such of the exceptions previously made and noted in the case on appeal as the appellant desires to preserve and present to this Court. *Suits v. Ins. Co.,* 241 N.C. 483, 85 S.E. 2d 602; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785. An assignment of error, as in the case at hand, not supported by an exception comes to naught and will be disregarded. *Moore v. Croswell, supra.* Further discussion is unnecessary.

However, the record has been examined, and the charge as given appears to be free of prejudicial error, either of commission or omission. See *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *Wilson v. Lumber Co.,* 186 N.C. 56, 118 S.E. 797.

The judgment is supported by the verdict and will be upheld.

No Error.