## DELILAH EMILY SMITH v. JATHA BOYD SMITH.

(Filed 28 September, 1955.)

**1. Appeal and Error § 23—**

An assignment of error that the judge had no jurisdiction to hear the motion and sign the judgment, without exception in the record, requires dismissal of the appeal, since the rule that an assignment of error not supported by an exception will be disregarded, is mandatory and will be enforced *ex mero motu.*

**2. Judges § 2a—**

The judge holding the courts of a district as then constituted has jurisdiction to hear a motion under G.S. 50-16. The statute increasing the number of judicial districts did not go into effect until from and after 1 July 1955. Session Laws 1955, Chapter 129.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bone, J.,* presiding over the June Term 1955 of CRAVEN. JONES.

Civil action instituted in accordance with G.S. 50-16 for reasonable subsistence for plaintiff and the one-year-old child born of the marriage and for counsel fees in the Superior Court of Jones County. The plaintiff in the complaint requested the custody of the child. The defendant filed an answer raising issues of fact. The defendant was properly served with notice that the plaintiff at 2:00 p.m. on 6 June 1955 in the courthouse in New Bern would make application before Judge Bone, presiding judge of the 5th Judicial District, and presiding that day over the Superior Court of Craven County, for reasonable subsistence for herself and child and for counsel fees.

The defendant appeared, pursuant to the notice, and both plaintiff and defendant offered evidence. Judge Bone entered an order that the defendant pay to plaintiff $50.00 a month for the maintenance and support of plaintiff and their child pending the final determination of the action, pay $100.00 counsel fees to her lawyer, and awarded the custody of the child to plaintiff pending the final determination of the action.

The defendant did not except to the judgment. The defendant has no exception in the record.

Defendant appeals, assigning as error that Judge Bone had no jurisdiction to hear the motion, and to sign the judgment over defendant's protest.

*Donald P. Brock for Plaintiff, Appellee.*
*Charles L. Abernethy, Jr., for Defendant, Appellant.*

PER CURIAM.  Defendant's single assignment of error is not supported by an exception.  It is thoroughly well settled law in this State that an assignment of error not supported by an exception will be disregarded.  The rule is mandatory, and will be enforced *ex mero motu.* *Barnette v. Woody, ante,* 424, 88 S.E. 2d 223; *Suits v. Insurance Co.,* 241 N.C. 483, 85 S.E. 2d 602.

Judge Bone was holding the Superior Courts of the district in which the action was brought—Jones County in June 1955 was in the 5th Judicial District—and had jurisdiction to hear the motion by the express language of G.S. 50-16.  The statute increasing the number of judicial districts did not go into effect until from and after 1 July 1955.  Session Laws 1955, Chapter 129.

Appeal dismissed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.