ALLIE H. TYNES v. CHARLES DAVIS.

(Filed 26 September, 1956.)

**Appeal and Error § 19—**

> An assignment of error not supported by an exception is ineffectual and presents no question of law for the determination of the Supreme Court. Rules of Practice in the Supreme Court Nos. 19(3) and 21.

JOHNSON, J., not sitting.

APPEAL by defendant from *Sharp, Special Judge,* May Civil Term, 1956, of MARTIN.

Civil action to rescind a lease between plaintiff-lessor and defendant-lessee, plaintiff alleging that she was induced to execute the lease by reason of defendant's false and fraudulent representations. The jury answered the determinative issue as to alleged fraud in plaintiff's favor. Thereupon, the court adjudged the lease null and void, ordered the cancellation of the record thereof, and taxed defendant with the costs. Defendant appealed.

*Lucas, Rand & Rose for plaintiff, appellee.*
*Critcher & Gurganus and Hugh G. Horton for defendant, appellant.*

PER CURIAM.   An assignment of error not supported by an exception is ineffectual.  *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223.   Here no exception appears in the entire case on appeal.   Hence, there is no basis for the assignments of error appellant attempts to set forth; and no question of law is presented to this Court for decision.   *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926.   See Rules 19(3) and 21, Rules of Practice in the Supreme Court, 221 N.C. 554, 558.

.The judgment, supported by pleadings, evidence and verdict, will not be disturbed.

Apart from the foregoing, inspection of the record discloses that the case was well and fairly tried in accordance with settled legal principles.

No error.

JOHNSON, J., not sitting.