JAMES M. BULMAN v. SOUTHERN BAPTIST CONVENTION.

(Filed 21 May, 1958.)

**1. Appeal and Error § 19—**

Where the exceptions appear in the record only under the assignments of error, they are ineffectual, since the rules require that assignments of error be based upon exceptions previously noted, and the rules are mandatory and will be enforced *ex mero motu.* Rules of Practice in the Supreme Court, Nos. 19(3) and 21.

**2. Appeal and Error § 21—**

An exception and assignment of error to the judgment presents for review the single question whether the facts found support the conclusions and judgment, and does not bring up for review the findings of fact or the evidence upon which they are based.

**3. Process § 8d—**

Findings of fact to the effect that defendant nonresident corporation was not doing business in this State, had no property here, and that the cause of action did not relate to any contract or tort committed in this State, *held* to support the court's conclusion that the defendant was not subject to service of process by service on the Secretary of State.

APPEAL by plaintiff from *Johnston, J.,* at 12 November Civil Term, 1957, of GUILFORD (Greensboro Division).

Civil action by the plaintiff to enjoin certain officers of the Southern Baptist Convention from performing the ordinary duties of their offices, upon the alleged ground that they were improperly elected in disregard of the Bylaws of the Convention.

The case was heard below on special appearance and motion of the defendant to quash the purported service of process, upon the ground that the defendant has never engaged in such business or activity in the State of North Carolina as would subject it to the jurisdiction of the courts of the State.

The trial court, after hearing evidence offered by both sides, found facts and made conclusions of law as follows:

## "FINDINGS OF FACT.

"1. The plaintiff is a citizen and resident of Rowan County, North Carolina. The instant action was initiated in the Superior Court of Guilford County on the 26th day of August, 1957, by the filing of a complaint alleging that the officers of the defendant Southern Baptist Convention were improperly elected and that if they are allowed to carry out their duties as officers of the said Southern Baptist Convention, that the plaintiff will suffer irreparable damage.

"2. Service of process on the defendant was sought to be made by serving the Secretary of State of North Carolina on 22 September,

1957, as agent for the defendant. The summons was directed to: 'The Sheriff of Wake County. You are commanded to summon Hon. Thad Eure, Secretary of State of North Carolina, Raleigh, North Carolina, for service upon Southern Baptist Convention.'

"3. The defendant is a foreign corporation organized and existing under the laws of the State of Georgia and having its principal office located in Nashville, Tennessee. The defendant has not procured a certificate of authority from the Secretary of State of North Carolina to transact business in this state; it has never been licensed to do business in this state, nor has it applied for domestication herein. The defendant has never designated, selected, or authorized anyone to act as a process agent or officer for it in North Carolina.

"4. The defendant Southern Baptist Convention is a general organization of Baptists in the United States and its territories existing to promote Christian missions at home and abroad and other objects such as Christian education, benevolent enterprises and social services which said defendant may deem proper and advisable for the furtherance of the Kingdom of God. The Convention is independent and sovereign in its own sphere, but does not and will not claim or attempt to exercise any authority over any other Baptist body, whether church, auxiliary organization, association or convention.

"5. The Southern Baptist Convention does not now and has not in the past owned any property in the State of North Carolina, either real or personal, and does not have any local agent in the State of North Carolina. Any property in the State of North Carolina which is owned by a Baptist organization belongs either to the local churches or to some corporation such as the Southeastern Seminary or the Sunday School Board.

"6. The Southern Baptist Convention does not have any bank account in the State of North Carolina and does not collect monies within the State. The funds which are donated to the work of the Southern Baptist Convention come through the North Carolina Baptist Convention, a separate and independent corporation organized and existing under the laws of the State of North Carolina. The amounts contributed to the Southern Baptist Convention by the North Carolina Baptist Convention are decided upon by said North Carolina Baptist Convention and the Southern Baptist Convention has no control over the amounts or over the monies contributed until the funds are received in the offices in Nashville, Tennessee.

"7. The Southern Baptist Convention is a general organization to which various Baptist Churches belong, the organization being for the purpose of carrying into effect the benevolent intention of the various Baptist constituents by organizing and directing a plan for eliciting, combining and directing the energies of the denomination for the propa-

gation of the Christian gospel. The Convention meets once each year, elects its officers, hears reports from the various boards and committees, makes recommendations for allocation of funds, and promulgates plans for the coming year.

"8. The Southern Baptist Convention has at no time, nor does it now:

"(a) Maintain any office or place of business within the State of North Carolina.

"(b) Have or maintain a listing in any telephone, business, city, or other directory within said state.

"(c) Maintain any employees or agents within said state.

"(d) Own, lease, possess, or otherwise control or use any property or facilities of any type or kind within said state.

"9. No officer, director, nor any managing or local agent of the defendant resides or performs duties on behalf of the defendant in the State of North Carolina. No one is authorized to or does make contracts or representations for or on behalf of the defendant in North Carolina. The cause of action alleged by the plaintiff does not arise out of any contract made in the State of North Carolina or to be performed within this State.

"10. The defendant has not transacted or done business in the State of North Carolina nor been present therein. Any activities and contacts of its representatives within this State are irregular, isolated, casual and insubstantial items; they are trivial and purely incidental to the general promotional and directory activities carried on by the defendant."

### "CONCLUSIONS OF LAW

"1. No personal service of process and complaint has been made upon the defendant, or any of its officers or agents. The defendant has entered a special appearance solely for the purpose of making its motion.

"2. The defendant has not transacted or done business in the State of North Carolina, nor has it been present within the State through its officers, agents, or in any other manner. The activities and contacts of the defendant within the State have been casual, incidental and insubstantial, and have not been such as would make it reasonable and just under traditional concepts of fair play and substantial justice to subject the defendant to suit in the courts of this State under the circumstances of this case. Defendant's activities and contacts in this State have been insubstantial and negligible in quantity and the cause of action alleged in the complaint does not arise out of nor is it connected with such activities. At no time has the defendant transacted any substantial part of its ordinary business in this State.

"3. The cause of action alleged in the complaint does not arise out of any contract made in North Carolina, or to be performed in North Carolina.

"4. The cause of action alleged in the complaint does not arise out of any business solicited in North Carolina by mail or otherwise.

"5. The cause of action alleged in the complaint does not arise out of the production, manufacture or distribution of 'goods' by the defendant with the reasonable expectation that such 'goods' were to be 'used or consumed' in North Carolina and were so 'used or consumed.'

"6. The cause of action alleged in the complaint does not arise out of tortious conduct in North Carolina.

"7. The attempted service of summons and complaint on the defendant is invalid and should be quashed and set aside. The action should be dismissed for want of jurisdiction over the person of the defendant."

Upon the foregoing findings of fact and conclusions of law, the court entered judgment decreeing that the attempted service of process on the defendant be quashed and set aside and that the action be dismissed for want of jurisdiction of the court over the defendant.

From the judgment entered, the plaintiff appeals.

*William W. White, Jr., for plaintiff.*

*McLendon, Brim, Holderness & Brooks, and C. T. Leonard, Jr., for the defendant.*

JOHNSON, J. This appeal is predicated in the main upon assignments of error to the effect that the trial court erred in making the crucial findings of fact and conclusions of law. By Assignments Nos. 1 to 6, inclusive, the plaintiff attempts to challenge the sufficiency of the evidence to support Findings of Fact Nos. 3, 5, 6, 8, 9, and 10. By Assignments Nos. 7 to 15, inclusive, he attempts to challenge the refusal of the court to adopt nine findings tendered by him. By Assignments Nos. 16 to 22, inclusive, the plaintiff attempts to challenge separately each of the seven conclusions of law made by the court.

The foregoing assignments of error, 22 in number, are not supported by exceptions previously noted. The exceptions appear in the record under the assignments of error. This is not in compliance with our rules. See Rules 19 (3) and 21, Rules of Practice in the Supreme Court, 221 N.C. 544.

The infraction of rules here presented is similar to that in *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118, from which we quote: "The appellant in his case on appeal undertakes to set out six assignments of error based on a like number of exceptions. However, the exceptions

appear nowhere in the record except under the purported assignments of error. Such exceptions are worthless and will not be considered on appeal."

To like effect is the decision in *Rigsbee v. Perkins,* 242 N.C. 502, 504, 87 S.E. 2d 926, 927, where it is said: "Thus it is manifest that the assignment of error on which the appeal is predicated is not supported by an exception. And the rule is that only an exception previously noted in the case on appeal will serve to present a question of law for this Court to decide. *S. v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322; *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208. The function of the assignments of error is to group and bring forward such of the exceptions previously made and noted in the case on appeal as the appellant desires to preserve and present to this Court. *Suits v. Ins. Co.,* 241 N.C. 483, 85 S.E. 2d 602; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785. An assignment of error, as in the case at hand, not supported by an exception comes to naught and will be disregarded."

See also *Suits v. Insurance Co.,* 241 N.C. 483, 85 S.E. 2d 602, where it is said: "The appeal seems to be predicated in the main upon assignments of error to the effect that the court erred in making findings of fact Nos. 5, 13, 18, and 20. But these assignments are not supported by exceptions previously noted as required by our rules. See Rules 19 (3) and 21, Rules of Practice in the Supreme Court, 221 N.C. 544.

"When it is claimed that findings of fact made by the judge are not supported by competent evidence, a litigant who would invoke the right of review must point out specifically the alleged error. This he must do by exception. The assignment of error alone will not suffice. *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Donnell v. Cox,* 240 N.C. 259, 81 S.E. 2d 664.

"The function of the assignment of errors is to group and bring forward such of the exceptions previously made and noted in the case on appeal as the appellant desires to preserve and present to the Court. *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175. Therefore an assignment of error not supported by an exception will be disregarded. *Moore v. Crosswell, supra; Donnell v. Cox, supra; S. v. Gordon, ante,* 356. This rule is mandatory and will be enforced *ex mero motu.*"

See also *Putnam v. Publications,* 245 N.C. 432, 96 S.E. 2d 445; *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208.

In the instant case, the only exception cognizable under our rules is the general exception to the judgment. This brings here for review the single question whether the facts found support the conclusions and judgment. It does not bring up for review "the findings of fact or the evidence on which they are based." *Hoover v. Crotts,* 232 N.C. 617,

61-S.E. 2d 705; *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488. It is manifest that the findings of fact support the conclusions and judgment.

The judgment below is

Affirmed.