FRED WEBB v. J. CLAUDE GASKINS, HESTER P. GASKINS, AND G. E. GRAIN MILLS, INC.

(Filed 20 September, 1961.)

**1. Appeal and Error § 19—**

An assignment of error not supported by exception duly noted in the record will not be considered on appeal.

**2. Judicial Sales § 5; Judgments § 27; Receivers § 13—**

Upon the hearing of a motion to set aside an order confirming sale of assets by a receiver and to vacate an order directing the payment of a claim by the receiver, the judge hearing the motion is required to find and state the ultimate facts but not the evidentiary facts.

**3. Same; Appeal and Error § 49—**

Upon the hearing of a motion to vacate the order of confirmation of the sale of assets by a receiver and to set aside an order directing the receiver to pay a specified claim, findings by the court that the matters set forth as the basis for the motion had theretofore been heard and adjudicated, all parties being present, that the order directing the payment of the claim was consented to by all parties, and that the motion to vacate and set aside was without merit and made solely for the purpose of delay, are findings of fact and are not reviewable conclusions or inferences of law.

281

**4. Estoppel § 3—**

Estoppel to object to a prior order entered in the cause may arise from expressed consent to the order.

**5. Same—**

Findings of fact to the effect the parties moving to set aside a prior order entered in the cause, confirming the sale of assets by the receiver and directing the receiver to pay a specified claim, had consented to the order directing payment and had not objected to the order of confirmation, and that at that time the parties knew or should have known the facts, *is held* sufficient *to support the conclusion of law that movants are* estopped to attack the order, the claim having been paid by the receiver pursuant to the order of the court and the rights of third parties having intervened.

**6. Appeal and Error § 21—**

A sole exception to an order of the court presents only whether the facts found or admitted are sufficient to support the order and whether the order is regular in form, and does not present for review the findings of fact or the evidence upon whch they are based.

**7. Same—**

In the absence of an exception, the findings of fact are presumed to be supported by evidence and are binding on appeal.

**8. Trial § 49—**

A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court, and while such discretion is not arbitrary and must be exercised with due regard for the rights of all parties involved, measured by legal and equitable standards, where the record discloses that the trial court duly heard the evidence, made thorough investigation and found facts supporting the denial of the motion, no abuse of discretion is made to appear.

**9. Judicial Sales § 5—**

Vague charges of fraud are not sufficient to set aside a judicial sale.

APPEAL by defendants from *Cowper, J.,* 10 March 1961 Civil Term of PITT.

Civil action by the owner of one-half of the capital stock of G. E. Grain Mills, Inc., to dissolve the corporate defendant, and to have a receiver appointed to liquidate its assets, heard upon a motion by the defendants, the individual defendants are the owners of one-half of the capital stock of the corporate defendant, to vacate an order confirming the sale of the assets of the corporate defendant, and ordering by consent the payment of a claim of P. R. Markley, Inc., a creditor of the corporate defendant, in the sum of $21,989.20.

At the April Term 1960 Judge M. C. Paul entered by consent of plaintiff and the defendants an order appointing Charles H. Whedbee

as receiver to liquidate the assets of the corporate defendant. On 11 May 1960 Judge Paul entered an order directing the receiver to advertise and sell the real estate, grain elevators and grain mill, and the grain belonging to the corporate defendant, either by public or private sale, subject to the confirmation of the court.

On 8 July 1960 the receiver, pursuant to Judge Paul's order had a sale at public auction of the assets of the corporate defendant, resulting in total bids of $20,043.73 for the property sold separately; no bid was received when the property was offered for sale as a whole. The receiver recommended to the court that the sale be not confirmed. At the 22 August 1960 Mixed Term Judge Chester R. Morris entered by consent of the plaintiff and defendants an order that the sale on 8 July 1960 is not confirmed, and directing the receiver to sell the assets of the corporate defendant at public auction.

On 4 October 1960 the receiver, pursuant to Judge Morris' order, had a sale at public auction of the assets of the corporate defendant, resulting in total bids of $28,171.00 for the property. The receiver recommended to the court that the sale be confirmed. The defendants filed exceptions to the receiver's report, and requested that the sale be not confirmed.

At the January 1961 Term Judge Albert W. Cowper was on the bench, and at that term on 24 January 1961 he heard the recommendation of the receiver that the sale of 4 October 1960 be confirmed and the exceptions of the defendants to the receiver's report, and received a private bid by Fred Webb, Inc., and Associates for the purchase of all the assets of the corporate defendant in the sum of $32,500.00 He continued the hearing to 30 January 1961. On that date J. Claude Gaskins and Associates made a private bid for the property in the sum of $33,000.00. Whereupon, Fred Webb and Associates requested permission to raise the last bid. Then Judge Cowper entered an order reciting all interested parties being present in court and represented by counsel, and it having been agreed to by all the parties that the sale of the property of the corporate defendant should remain open for receipt of sealed bids by the court at 2:00 o'clock p.m. on Thursday, the 2nd day of February 1961, at which time sealed bids would be opened by the court and the highest bidder declared the purchaser and the sale confirmed to such purchaser upon the terms hereinafter provided, and then ordered as follows — we set forth only the parts relevant to this appeal — :

> "1. That sealed bids upon terms of cash for the purchase of all of the property, receivables, choses in action and rights of action of G. E. Grain Mills, Inc., against all others, being all of

the property of G. E. Grain Mills, Inc., excepting funds on hand
in the hands of the Receiver, and excluding grain heretofore de-
livered by the Receiver, be received and opened by the court at
2:00 o'clock p.m. on Thursday, February 2, 1961, in the Superior
Courtroom or Judge's Chambers in the Pitt County Court-
house. . . .

"3. That the highest sealed bid in compliance with the above
provisions shall be declared the purchaser of said property and
a sale of the property confirmed to such highest bidder."

This order was approved and consented to in writing by the Honorable
Louis W. Gaylord, Jr., and the Honorable Lewis G. Cooper, attorneys
for plaintiff, and the Honorable Albion Dunn, attorney for the de-
fendants, all eminent members of the Pitt County Bar.

On 2 February 1961 Judge Cowper entering an order reciting the
provisions of his order of 30 January 1961, and that at the time and
place specified in his order of 30 January 1961 Fred Webb appeared
and submitted a sealed bid in the amount of $57,200.00, together with
a deposit of 25% of his bid, and the court found as a fact Fred Webb's
bid was the highest bid submitted, whereupon the court ordered that
Fred Webb is declared to be the purchaser of the assets of G. E. Grain
Mills, Inc., as outlined in his order of 30 January 1961, and that the
sale to him is confirmed upon the payment by him to the receiver of
the balance of his bid.

On 6 February 1961 Judge Cowper in chambers at New Bern entered
an order that the receiver now has on hand sufficient cash funds with
which to pay all secured creditors and unsecured creditors of the
corporate defendant, and certain receiver's expenses, etc., and that the
receiver pay these creditors and receiver's expenses, specifically enum-
erating them.

On 13 February 1961 the Honorable Albion Dunn, attorney for the
defendants, filed exceptions to the order of Judge Cowper of 6 Feb-
ruary 1961 for the payment of certain claims, etc.

On 15 February 1961 Judge Cowper in chambers at New Bern,
which is in the same judicial district as Pitt County, entered an order
as follows:

"It appearing that Order was signed by said Judge on February
6, 1961, ordering the receiver to immediately pay the secured and
unsecured claims listed in said order and the receiver's expenses,
and that said order was later amended by consent to change the
word 'sale' to 'bid,' on request of Honorable Albion Dunn, counsel
for the defendants; and it further appearing that the audit of
Edward C. Mooring, C. P. A., dated July 12, 1960, which was

made at the request of the receiver and the defendants and ordered by the court and without objection on the part of the plaintiff was filed in July, 1960, listing therein the secured and unsecured claims; that said audit was considered at various hearings held by the undersigned Judge in Greenville, North Carolina, during January and that no objection or exceptions were made to the payment of any claim except that of P. R. Markley, Incorporated, of Philadelphia, for the payment of $21,989.20, which is no longer being objected to and shall be paid by consent of parties.

"That on this date attorneys for the defendants have filed exceptions under G.S. 1-507.7 to the payment of certain claims, they being secured and unsecured items listed in the exceptions filed herein by the defendants and filed over the objection of the plaintiff, and it appearing to the court that G.S. 1-507.7 has as its primary purpose the protection of creditors but the court being of the opinion that it is to the best interest of all parties that the funds covering said items be paid into the Clerk of the Superior Court of Pitt County until the amount due has been properly determined. It is specifically noted that the objection to the payment of the L. W. Gaylord, Jr. claim has been withdrawn by the defendants and it is specifically noted that the Guaranty Bank mortgage in the amount of $7,000.00, plus interest, has already been paid; it being necessary to pay same in order for the purchaser of the assets of G. E. Grain Company to receive a good title.

"In respects to the claim of James & Speight and M. E. Cavendish, in the amount of $750.00, that this amount is not to be paid into the office of the Clerk of the Superior Court, if James & Speight and M. E. Cavendish satisfy counsel for defendants that the services rendered by them was rendered to G. E. Grain Mills, Incorporated, and in such event the receiver is directed to pay such claim.

"And it further appearing to the court, and the court finding as a fact that the sale of the assets of G. E. Grain Company to Fred Webb of Greenville at the bid price of $57,200.00 should be confirmed and will be confirmed upon the payment of the full purchase price into the hands of the receiver and that upon payment of said full purchase price he shall receive a clear title for said assets, and said sale is hereby affirmed upon the payment to the receiver of the purchase price as provided in the former order.

"And it further appearing upon the statement of the receiver that W. J. Lewis had received personal notice of this hearing and was not present and that his attorney was also notified and was not present, and it further appearing that the said W. J. Lewis

has filed a lien in the Office of the Clerk of the Superior Court of Pitt County, North Carolina, against the real estate owned by the corporate defendant, and it further appearing to the court, and the court finding as a fact that there may be some eventuality or condition existing whereby the said W. J. Lewis might be unavailable or unwilling to cancel his lien upon payment of the sum of $13,876.00 into the Office of the Clerk of the Superior Court of Pitt County;

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT, in its discretion, that immediately upon payment of the aforesaid sum of $13,876.00 into the hands of the Clerk of the Superior Court of Pitt County, North Carolina, said Clerk is authorized and empowered and directed to cancel said lien, and in which event said lien shall attach to the proceeds aforesaid and to be paid into the Office of the Clerk of the Superior Court of Pitt County."

On 22 February 1961 the receiver filed a report with Judge Cowper as follows:

"*FIRST:* (DELIVERY OF PROPERTY TO PURCHASER) That pursuant to and in obedience to an order signed in this cause on February 15, 1961, by the Honorable Albert W. Cowper, your Receiver proceeded to collect from Fred Webb the balance of the purchase price of the property in the total sum of $57,200.00 and your Receiver thereupon, as ordered by the court, proceeded to execute and deliver to the said Fred Webb a deed and a bill of sale for the property for which the said Webb was the high bidder and that these transactions were completed before the court-ordered deadline of February 17, 1961.

"*SECOND:* (PAYMENT OF L. W. GAYLORD, JR. CLAIM) That exceptions having been withdrawn to the payment of the L. W. Gaylord, Jr. claim in the amount of $302.76, your Receiver in obedience to said court order of February 15, 1961, proceeded to pay to said L. W. Gaylord, Jr. the sum of $302.76.

"*THIRD:* (PAYMENT INTO COURT OF W. J. LEWIS T/A W. J. LEWIS CONSTRUCTION CO. CLAIM) That, in obedience to said court order of February 15, 1961, your Receiver proceeded to pay into the hands of the Clerk of the Superior Court of Pitt County the sum of $13,876.00 and received from said Clerk a receipt for such payment; that your Receiver then, as ordered by the court, proceeded to secure a cancellation of the lien heretofore filed against the property of G. E. Grain Mills, Inc., in the above amount, said lien then attaching to the funds

paid into the hands of the Clerk, all to the end that the lien upon the property be removed and the purchaser delivered a title free of this lien as per the orders of this court.

"FOURTH: (DELIVERY TO CLERK OF GUARANTY BANK DEED OF TRUST AND NOTE) As directed by the court, your Receiver has turned over to the Clerk of the Superior Court the note and deed of trust from G. E. Grain Mills, Inc. to J. H. Waldrop, Trustee for Guaranty Bank and Trust Co., which note and the lien on G. E. Grain Mills, Inc.'s property had theretofore been paid by your Receiver under court order to the end that the lien upon the property represented by this deed of trust be removed and the purchaser delivered a title free of this lien as per the orders of this court, and received Clerk's receipt therefor.

"FIFTH: (PAYMENT INTO COURT OF $86.57 AS THE AMOUNT OF A CLAIM OF FRED WEBB, INC.) That your Receiver, in obedience to said order of February 15, 1961, has paid into the hands of the clerk of the Superior Court the sum of $86.57 and received a receipt from said Clerk for said amount, this representing a claim by Fred Webb, Inc., for interest alleged to have been paid for G. E. Grain Mills, Inc., to Markley, Inc.

"SIXTH: (PAYMENT INTO COURT OF $4,008.93 AS THE AMOUNT OF A CLAIM OF FRED WEBB, INC.) That your Receiver, in obedience to said order of February 15, 1961, has paid into the hands of the Clerk of the Superior Court the sum of $4,008.93 and received a receipt from said Clerk for said amount, representing a claim by Fred Webb, Inc., for money alleged to have been paid by it on behalf of G. E. Grain Mills, Inc., for grain purchased by G. E. Grain Mills, Inc., or for G. E. Grain Mills, Inc.

"SEVENTH: (PAYMENT INTO COURT OF $7,242.57 AS THE AMOUNT OF A CLAIM OF FRED WEBB, INC.) That your Receiver, in obedience to said order of February 15, 1961, has paid into the hands of the Clerk of the Superior Court the sum of $7,242.57 and received a receipt from said Clerk for said amount, representing a claim by Fred Webb, Inc., for storing grain for your Receiver during the pendency of this Receivership.

"EIGHTH: (PAYMENT INTO COURT OF $374.00 AS THE AMOUNT OF A CLAIM OF FRED WEBB, INC.) That your Receiver, in obedience of said order of February 15, 1961, has paid into the hands of the Superior Court the sum of $374.00 and received a receipt from said Clerk for said amount, representing a claim by Fred Webb, Inc. against G. E. Grain Mills.

for the alleged payment on behalf of G. E. Grain Mills, Inc., of certain freight charges."

The NINTH and TENTH paragraphs are not relevant on this appeal, and are omitted.

"WHEREFORE, YOUR RECEIVER RESPECTFULLY PRAYS THE COURT:
"1. That the court enter an order peremptorily setting for a trial before a jury under the heading of the original title of this action the matters of the disputed claims set out in paragraphs 3, 5, 6, 7 and 8, above, to the end that the claimant in each transaction may come into court and attempt to prove his claim before a jury and the disputant or disputants may then attempt to combat the payment or reduce the payment by offering proof to said jury or juries in opposition to said claim or claims as provided in G.S. 15-153 and clarified by *BLACK v. POWER CO.*, 158 N.C. 468, and affirmed in *SURETY CO. v. SHARPE*, 232 N.C. 98, particularly the paragraph numbered '2' in *Justice Ervin's* opinion."

Paragraphs 2, 3 and 4 of the order are not pertinent so far as this appeal is concerned, and are omitted.

Following this report of the receiver is an order by Judge Cowper permitting the Honorable Albion Dunn to withdraw as counsel of record for the defendants.

On 24 February 1961 the defendants by their attorney, Honorable David E. Reid, Jr., filed with Judge Cowper a motion that the order of Judge Cowper entered on 15 February 1961 confirming the sale of the assets of the corporate defendant, therein specified, to Fred Webb be set aside and vacated, and that the payment of the claim of P. R. Markley, Inc., in the sum of $21,989.20 be set aside, on the ground of newly discovered evidence, and that a new audit be had.

On 9 March 1961 plaintiff filed an elaborate reply to defendants' motion stating defendants are now complaining of matters and things which were within their personal knowledge, or should have been had they exercised proper diligence and prudence, before the order of confirmation of sale by Judge Cowper on 15 February 1961, and are seeking to reopen and relitigate matters and things adjudicated by the court when they were represented by eminent counsel, and that they should be estopped.

On 10 March 1961 Judge Cowper presiding over the Superior Court of Pitt County heard defendants' motion, and entered an order as follows:

"1. That the matters set forth in the motion have each heretofore been heard and adjudicated at which times the individual defendants were present in person and represented by learned counsel to wit, Honorable Albion Dunn, Esq., and Honorable John G. Dawson, Esq.

"2. That the sale of the assets and property of G. E. Grain Mills, Inc. on sealed bids was ordered by consent and the approval of all parties, the individual defendants having suggested such sealed bids, and the plaintiff being the highest bidder; his bid was confirmed on the second day of February, 1961, with the approval of the individual defendants and their counsel and no objections or exceptions were made thereto and thereafter, on the 15th day of February, 1961, said sale was finally confirmed and the plaintiff declared the purchaser, to which said order of February 15, 1961, no objection or exception was made. And immediately thereafter the purchaser made full payment of the purchase bid to the Receiver and the Receiver delivered said property to the purchaser.

"3. That the motion and efforts of the individual defendants to reopen and set aside said sale is without merit and done solely for the purpose of prolonging the liquidation of the defendant corporation and should not be considered.

"4. That no newly discovered evidence has been presented to the court; that the individual defendants had full knowledge of all matters set forth in the motion of February 24, 1961, and were well informed of the financial affairs of the defendant corporation and knew, or should have known, the value of its property. That the defendants and their counsel were furnished a copy of the audit made by Edward C. Mooring, C. P. A., immediately following July 12, 1960, and have heretofore made no objection thereto.

"5. That the claims of P. R. Markley, Inc., were considered and heard on January 24, January 30, and February 15, 1961, and were ordered paid by consent of all parties and their counsel and no objection or exception was made or entered to the order authorizing such payment and the Receiver has now paid said claims and the individual defendants are estopped from reopening the same, and notwithstanding such estoppel, no cause exists as to why they should be reopened.

"6. That the several allegations and conclusions contained in the motion filed February 24, 1961, are unsupported and are simply a restatement of argument and contentions heretofore considered, heard and adjudicated without objections or exceptions on the

part of the individual defendants.

"7. That the individual defendants are now estopped to further reopen any and all the matters set forth in the motion filed February 24, 1961.

"IT IS THEREUPON, in the discretion of the court, ORDERED that the motion filed February 24, 1961, be, and the same is hereby disallowed, and denied."

From the order entered by Judge Cowper on 10 March 1961, defendants appeal.

*Lewis G. Cooper and Louis W. Gaylord, Jr., for plaintiff, appellee.*
*David E. Reid, Jr., for defendants, appellants.*

PARKER, J.  Defendants have assigned as errors all of the judge's findings of fact, except finding of fact number two. Defendants' assignments of error are not supported by any exception in the record, not even under the assignments of error. The only exception in the record is to the judgment.

This Court has universally held that an assignment of error not supported by an exception is ineffectual, and will not be considered on appeal. Our cases to that effect are legion. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223, and cases there cited; *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926; *Tynes v. Davis,* 244 N.C. 528, 94 S.E. 2d 496; *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *In re McWhirter,* 248 N.C. 324, 103 S.E. 2d 293; *S. v. Corl,* 250 N.C. 262, 108 S.E. 2d 613; *Tanner v. Ervin,* 250 N.C. 602, 109 S.E. 2d 460; *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1.

This Court said in *Rigsbee v. Perkins, supra:* "And the rule is that only an exception previously noted in the case on appeal will serve to present a question of law for this Court to decide."

Defendants contend that the findings of fact numbers one and three are not findings of fact, but conclusions or inferences of law, and therefore are reviewable on appeal.

In finding facts the trial judge is required to find and state the ultimate facts, and not the evidentiary or subsidiary facts required to prove the ultimate facts. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639.

In our opinion, and we so hold, Judge Cowper's findings of fact numbers one and three are strictly findings of ultimate facts, and not conclusions or inferences of law.

Defendants further contend that Judge Cowper's order denying their motion to vacate the order of confirmation of sale, etc., was made

under a misapprehension of the law and the facts by Judge Cowper. This contention is without merit. Defendants in addition contend that the court below failed to give sufficient consideration as to whether or not the facts and circumstancs growing out of the payment of the Markley claim from the assets of the corporate defendant constitutes fraud or other unfairness sufficient to have set aside the confirmation of the sale. There is no basis for such a contention, as clearly set forth and shown in Judge Cowper's finding of fact number five, which is strictly a finding of fact, with the exception of the words, "and the individual defendants are estopped from reopening the same," which is a conclusion of law.

Judge Cowper's designated finding of fact number seven, "that the individual defendants are now estopped to further reopen any and all the matters set forth in the motion filed February 24, 1961," is a conclusion of law. From Judge Cowper's findings of fact set forth in his order denying defendants' motion to vacate the order of confirmation, etc., and from the various orders entered, it would seem that the receiver, acting under unchallenged orders of the court, many consented to by the parties, has made payment to all, or nearly all, of the secured and unsecured creditors of the corporate defendant. Apparently innocent third parties have acquired rights in the property sold. Not only would it seem to be an impossibility to reinstate the matter in *status quo* before the order confirming the sale, but it would apparently place the receiver as an officer of the court in a hazardous position.

Estoppel to question or object to a thing done or a position taken by another may arise from express consent thereto. *Halliday v. Stuart*, 151 U.S. 229, 38 L. Ed. 141; *Lewis v. Wilson*, 151 U.S. 551, 38 L. Ed. 267; *Johnson v. King-Richardson Co.*, 36 F. 2d 675, 67 A. L. R. 1465; 19 Am. Jur., Estoppel, § 61, Consent. See *Miller v. Miller*, 200 N.C. 458, 157 S.E. 604. See Annotation 2 A. L. R. 2d, pp. 6-215, entitled "Estoppel of or waiver by parties or participants regarding irregularities or defects in execution or judicial sale." The fourth finding of fact shows that when defendants consented to the various orders they did not give their consent under an excusable misapprehension of the facts, but that they "were, well informed of the financial affairs of the defendant corporation and knew, or should have known, the value of its property." It is written in 19 Am. Jur., Estoppel, § 62: "The doctrine of equitable estoppel is frequently applied to transactions in which it would be unconscionable to permit a person to maintain a position inconsistent with one in which he, or those by whose acts he is bound, has acquiesced." The findings of fact show that when the defendants acquiesced in the orders, they had full knowledge, or in

the exercise of due diligence should have had, full knowledge of the facts.

The judge's conclusion of law number seven is fully supported by the facts found. This is sufficient to uphold Judge Cowper's order denying defendants' motion as a matter of law and equity.

Defendants' exception to the order entered by Judge Cowper on 10 March 1961 raises the question whether an error of law appears on the face of the record proper. This includes the question whether the facts found and admitted are sufficient to support the order, and whether the order is regular in form. Such an exception does not present for review the findings of fact or the evidence upon which they are based. In the absence of an exception the findings of fact are presumed to be supported by the evidence, and are binding on appeal. *Beaver v. Paint Co.*, 240 N.C. 328, 82 S.E. 2d 113; *Suits v. Insurance Co.*, 241 N.C. 483, 85 S.E. 2d 602; *Merrell v. Jenkins*, 242 N.C. 636, 89 S.E. 2d 242; *Coulbourn v. Armstrong*, 243 N.C. 663, 91 S.E. 2d 912; *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d 486; Strong's N. C. Index, Vol. I, Appeal and Error, § 21, where numerous cases are cited.

Defendants in their brief say: "On February 24, the defendants filed a motion in the cause seeking to have the confirmation of the sale of the corporate assets set aside upon newly discovered evidence. . . ." Judge Cowper in his discretion denied the motion.

As long as the trial court has jurisdiction over a cause, it seems to be thoroughly settled law in this nation, including this jurisdiction, that a motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and that his ruling thereon may not be made ground for reversal on appeal unless the appellant can show a manifest abuse of judicial discretion. 39 Am. Jur., New Trial, Sections 157-163, both inclusive; 66 C.J.S., New Trial, pp. 500-505, where numerous cases, including ours, are cited. It would seem, and we so hold, that defendants' motion was addressed to the sound discretion of Judge Cowper: See 50 C. J. S., Judicial Sales, pp. 671-672. However, such discretion is not an arbitrary one, but judicial, and must be exercised with due regard for the rights of all parties involved measured by legal and equitable standards, and there must be a basis of fact or circumstance to justify the exercise thereof. *Sykes v. Blakey*, 215 N.C. 61, 200 S.E. 910; *Hensley v. Furniture Co.*, 164 N.C. 148, 80 S.E. 154.

Judge Cowper was thoroughly familiar with the facts, had had many hearings, and had entered several orders. Defendants at these hearings were represented by eminent counsel. The individual defendants owned one-half of the capital stock of the corporate defendant. The findings of fact clearly show that no sufficient grounds existed, such

as fraud, mistake or collusion which were unknown to the defendants, or which could not have been discovered by them in due diligence, at the time of confirmation of the sale and the decree by consent that the claim of P. R. Markley, Inc., should be paid, to vacate the order of confirmation and the decree by consent that the Markley claim should be paid. Vague charges of fraud are not sufficient to set aside a judicial sale. *Evers v. Watson,* 156 U.S. 527, 39 L. Ed. 520.

The findings of fact support Judge Cowper's conclusion of law, and they in turn support his order denying defendants' motion, which is regular in form. Nothing appears to show that Judge Cowper abused his discretion. No error of law appears on the face of the record proper.

The order below denying defendants' motion is

Affirmed.