Error.

---

### CLYDE JUNIOR CORNS v. TROY NICKELSTON.

(Filed 23 May 1962.)

**1. Appeal and Error § 24—**

    While exceptions to the charge may be noted after trial, they should be included in appellant's statement of case on appeal as served on appellee in order to apprise appellee at that juncture of the theory of the appeal.

**2. Same—**

    The mere notation of exceptions to the charge is insufficient, it being required that the exceptions point out the asserted errors in the charge so as to apprise appellee of the theory of the appeal, and such exceptions cannot be aided by assignments of error setting forth for the first time the asserted error of the court in failing to charge upon matters specified, since such assignments of error are not based upon effective exceptions.

APPEAL by defendant from *Phillips, J.*, October 9, 1961 Civil Term of STOKES.

Action and cross action growing out of a collision which occurred August 14, 1960, about 6:00 p.m. on a sand-clay road in Stokes County known as Doss Road, between a 1951 Ford, owned and operated by plaintiff, and a 1954 Ford Station Wagon, owned and operated by defendant. Approaching the point of collision, plaintiff was driving north and defendant was driving south. Each alleged the collision and his personal injuries and property damages were proximately caused by

the negligence of the other. Issues raised by the pleadings were submitted to the jury and answered in favor of plaintiff. Judgment for plaintiff, in accordance with the verdict, was entered. Defendant excepted and appealed.

*Folger & Ellington for plaintiff appellee.*
*Jordan, Wright, Henson & Nichols for defendant appellant.*

PER CURIAM. In the case on appeal, the letter "(A)" appears at the beginning and also at the end of the court's charge. No exception appears between "(A)" and "(A)"; but after the last "(A)" there appears, without explanation of any kind, these words and figures: "Exception No. 1, Exception No. 2, Exception No. 3, Exception No. 4." These "exceptions" do not in any manner indicate in what respect defendant considered the charge erroneous. In Assignments of Error Nos. 1, 2, 3 and 4, which he attempts to base on said "exceptions," defendant asserts the court erred in failing to instruct the jury as to matters set forth for the first time in said assignments of error.

Defendant's Assignments of Error Nos. 1, 2, 3 and 4 are not supported by exceptions previously noted as required by our rules. See Rules 19(3) and 21, Rules of Practice in the Supreme Court, 254 N.C. 783, and cases there cited. Hence, they present no question of law for this Court to decide. *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926. "While exceptions to the charge may be noted after trial, when the statement of case on appeal is prepared, even so, such exceptions should be included in appellant's statement of case on appeal as served on the appellee, in order that the latter may be fully apprised at that juncture of the theory of the appeal." *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208. Since the "exceptions" do not specify wherein it is claimed the court erred in instructing the jury, they are broadside and wholly ineffectual to support the assignments of error. *Rigsbee v. Perkins, supra.* Moreover, an exception to the charge or an excerpt therefrom "ordinarily does not challenge the omission of the court to charge further on the same or another aspect of the case." *Peek v. Trust Co.,* 242 N.C. 1, 16, 86 S.E. 2d 745; *King v. Powell,* 252 N.C. 506, 512, 114 S.E. 2d 265.

While defendant's purported Assignments of Error Nos. 1, 2, 3 and 4 are insufficient to present questions of law for decision by this Court, consideration of the matters referred to therein fails to disclose prejudicial error. Moreover, no error of law appears on the face of the record.

The remaining assignments of error, Nos. 5 and 6, are formal and are not discussed in defendant's brief.

No error.