WILLIAM ROGER PAYNE v. MATILDA LEE LOWE AND ROY JAMES
LOWE
No. 6823SC354

(Filed 18 September 1968)

1. **Appeal and Error § 49— exclusion of testimony — record fails to show intended answer**
   The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been had she been permitted to testify.

2. **Appeal and Error § 31; Trial § 33— failure to charge on substantial features**
   Failure of the court to charge the law on the substantial features of the case arising on the evidence is prejudicial error.

3. **Appeal and Error § 31; Trial § 38— substantial compliance with G.S. 1-180**
   When the charge is in substantial compliance with the requirements of G.S. 1-180, a party who desires further elaboration or explanation must tender specific prayers for instruction.

4. **Trial § 33; Automobiles §§ 19, 90— failure to define non-technical terms**
   "Highway" and "intersection" are non-technical terms which the court is not required to define in the absence of a specific request for instructions.

5. **Automobiles §§ 19, 90— intersection accident — instructions — private road — right of way**
   In an action arising from an intersection accident, the court did not err in failing to charge upon defendant's contention that the highway on which plaintiff was traveling was a private road in that it was under construction and barricaded, giving defendant the right of way under G.S. 20-156(a) although there was a stop sign for traffic on the road defendant was traveling, where all the evidence showed that the lane of travel used by plaintiff was not barricaded and was open to public use, the court properly charging that the right of way at the intersection was governed by G.S. 20-158(a).

6. **Automobiles § 19— purpose of stop signs**
   Under G.S. 20-158(a) the erection of stop signs on an intersecting highway is a method of giving the public notice that traffic on one is favored over the other and that a motorist facing a stop sign must yield.

APPEAL by defendants from *Gambill, J.,* at the April 1968 Regular Civil Session of WILKES Superior Court.

Plaintiff alleged and his evidence tended to show that at about 7:00 p.m. on 23 September 1967 he was traveling north on N. C. Highway 16 between Taylorsville and North Wilkesboro, near the town or community of Moravian Falls; that as he approached the intersection of Highway 16 with a rural paved road known as Country Club Road, the feme defendant, driving west on Country Club

Road, drove onto Highway 16 in front of plaintiff, causing a collision resulting in personal injury to plaintiff and damage to his automobile. He alleged that the collision was caused by the feme defendant's negligence in failing to keep a proper lookout and to yield the right-of-way, contending that Highway 16 was the dominant highway and Country Club Road was the servient highway.

The defendants answered, admitting that the feme defendant, daughter of the male defendant, was operating their vehicle as a family-purpose automobile. Defendants denied negligence on their part, pleaded contributory negligence on the part of plaintiff, and in their further answer and counterclaim alleged that the portion of Highway 16 involved was under construction, with barricades north and south of the intersection, that plaintiff was illegally using Highway 16 and that the feme defendant had the right-of-way. In their counterclaim, the feme defendant asked for damages for personal injuries and the male defendant sought to recover for damage to his vehicle.

Plaintiff's evidence tended to show that he was traveling about 40 mph, that the defendants' vehicle approached the intersection, slowed down and then drove into the intersection. Plaintiff's evidence also tended to show that the lane for northbound traffic on Highway 16 was not barricaded.

The feme defendant testified that she observed the stop sign on Country Club Road as she approached Highway 16, that she stopped before entering Highway 16, and that as she entered the intersection the plaintiff drove into the left side of her vehicle.

Issues as to negligence, contributory negligence and damages in plaintiff's action and issues of negligence and damages as to defendants' counterclaims were submitted and answered by the jury in favor of plaintiff. From judgment entered thereon, defendants appealed.

*Whicker, Whicker & Vannoy by J. Gary Vannoy for plaintiff appellee.*

*Hayes & Hayes by Kyle Hayes and Ferree & Brewer by Max Ferree for defendant appellants.*

BRITT, J.

[1]    Defendants' first assignment of error relates to the refusal of the trial judge to permit the feme defendant to state her opinion as

to the speed of plaintiff's automobile. The record fails to disclose what her answer would have been if allowed to testify.

The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been had she been permitted to testify. 1 Strong, N. C. Index 2d, Appeal and Error, § 49. The assignment of error is overruled.

Defendants' second major assignment of error relates to the charge of the trial judge to the jury. They contend that G.S. 1-180 was violated in that the trial judge failed to define the terms "highway" and "intersection," and treating the accident as if it had occurred at the intersection of a dominant highway and a servient highway. They further contend that the trial judge failed to charge on their contention that plaintiff was traveling on a private road and the legal effect of so doing.

G.S. 1-180 requires the trial judge to declare and explain the law arising on the evidence given in the case, but further provides that he shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto.

[2, 3] It is noted that defendants tendered no request for special instructions. Even so, a failure to charge the law on the substantive features of the case arising on the evidence is prejudicial error. *Howard v. Carman*, 235 N.C. 289, 69 S.E. 2d 522. On the other hand, when the charge is in substantial compliance with the requirements of G.S. 1-180, if a party desires further elaboration or explanation, he must tender specific prayers for instruction. *Barnes v. Caulbourne*, 240 N.C. 721, 83 S.E. 2d 898.

[4] Since the terms "highway" and "intersection" are not technical terms and are commonly understood, if additional instructions as to those terms were desired by defendants, a request should have been made. *Equipment Co. v. Hertz Corp. and Contractors, Inc. v. Hertz Corp.*, 256 N.C. 277, 123 S.E. 2d 802.

[5] The evidence in the instant case did not support defendants' contention that the road upon which plaintiff was traveling was a private road. The evidence was clear that the lane of travel used by plaintiff was not barricaded. Furthermore, witnesses for both plaintiff and defendants testified to the use of the highway by the public. C. K. Smith, resident engineer of the State Highway Commission and called as a witness by defendants, testified that on the date of the accident Country Club Road on which the feme defendant was traveling was a "subservient" road to Highway 16 on which plaintiff was traveling. G.S. 136-26 permits the Highway Com-

mission to close a part or all of a highway during maintenance or construction, as is deemed necessary to be excluded from public travel. Here, the new highway had been paved, and although shoulder construction and erection of guard rails had not been completed, the northbound lane on which plaintiff was traveling was not being excluded from public travel.

Defendants contend that this case is governed by G.S. 20-156(a) on the question of right-of-way and that the jury should have been instructed accordingly. This statute provides that "[t]he driver of a vehicle entering a public highway from a private road or drive shall yield the right-of-way to all vehicles approaching on such public highway." They argue that at the time of the accident the feme defendant was traveling on a public highway and that plaintiff, in effect, was traveling on a private road. As stated above, evidence tending to show that the road on which plaintiff was traveling was a private road is not sufficient to amount to a substantial feature of the case requiring an instruction.

Right-of-way in this case is governed by G.S. 20-158(a), the pertinent portion of which provides as follows:

"The State Highway Commission, with reference to State highways, and local authorities, with reference to highways under their jurisdiction, are hereby authorized to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to full stop before entering or crossing such designated highway, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto and yield the right-of-way to vehicles operating on the designated main traveled or through highway and approaching said intersection."

[6]    By the terms of the statute, the erection of stop signs on an intersecting highway is a method of giving the public notice that traffic on one is favored over the other and that a motorist facing a stop sign must yield. *Kelly v. Ashburn*, 256 N.C. 338, 123 S.E. 2d 775. Evidence presented by plaintiff and defendants, even by the feme defendant herself, was to the effect that there was a stop sign on Country Club Road immediately east of the highway on which plaintiff was traveling.

We hold that the trial judge fairly stated the contentions of the parties supported by the evidence and that he substantially complied with G.S. 1-180.

We have carefully considered all assignments of error asserted by defendants and they are overruled.

Affirmed.

BROCK and PARKER, JJ., concur.