PERFORMANCE MOTORS, INC. v. ALVA JANE RIGGS ALLEN

No. 734SC717

(Filed 9 January 1974)

1. **Pleadings § 32; Rules of Civil Procedure § 15— amendment of pleadings upon remand from appellate court**

   The court's denial of plaintiff's motion to strike defendant's amended answer filed after the case was remanded from an appellate court was tantamount to permitting defendant to file the amended answer, and the court's allowance of the amendment was permitted by G.S. 1A-1, Rule 15(a) and (b).

2. **Criminal Law § 163— broadside assignment of error to charge**

   Assignment of error to the charge which fails to specify the portions of the charge to which defendant excepts is broadside and ineffectual.

APPEAL by plaintiff from *Webb, Judge,* 21 May 1973 Session of Superior Court held in JONES County.

Plaintiff instituted this action on 5 May 1969 to recover the balance of the purchase price of a mobile home sold by plaintiff to defendant, the balance being secured by defendant's note and a conditional sales contract. By claim and delivery proceedings, plaintiff repossessed the mobile home, sold it, and applied the proceeds of the sale on the balance alleged to be due. Defendant counterclaimed, alleging, among other things, breach of warranty.

The case was tried originally at the October 1970 Session of Jones Superior Court at which time a jury returned a verdict in favor of defendant in amount of $4,000 plus interest and from judgment predicated on the verdict, plaintiff appealed. By opinion reported in 11 N.C. App. 381, 181 S.E. 2d 134 (1971), this court ordered a new trial. The Supreme Court allowed certiorari and by opinion reported in 280 N.C. 385, 186 S.E. 2d 161 (1972), that court modified and affirmed the decision of this court. Reference is made to the Supreme Court opinion for a full statement regarding the pleadings and evidence.

At the retrial, evidence substantially the same as that submitted at the original trial was presented. The parties stipulated, among other things, that the maximum amount plaintiff could recover was $855 and the maximum amount defendant could

recover was $4,514.23. Issues were submitted to and answered by the jury as follows:

"1. Did the defendant accept the mobile home after the same was delivered to her lot?

ANSWER: Yes.

2. Did the plaintiff breach the implied warranty of fitness?

ANSWER: Yes.

3. Did the defendant justifiably revoke her acceptance?

ANSWER: Yes.

4. What amount, if any, is the plaintiff entitled to recover of the defendant on the purchase price?

ANSWER: _____

5. What amount of damages, if any, is the defendant entitled to recover of the plaintiff?

ANSWER: 4360.63."

From judgment entered on the verdict in favor of defendant, plaintiff appealed.

*Darris W. Koonce for plaintiff appellant.*

*Donald P. Brock for defendant appellee.*

BRITT, Judge.

[1] Plaintiff assigns as error the failure of the trial court to allow its motion, filed 9 October 1972, to strike defendant's amended answer which was filed on 14 September 1972. In its motion to strike, plaintiff contends the amended answer is "redundant, irrelevant and immaterial," that it invades the province of the jury, and was filed without authority of the court after time for answering had expired.

Defendant contends the amended answer was authorized by the Supreme Court opinion (page 398) in the following words: "The parties may be permitted to amend their pleadings, if they so desire, to conform to the evidence. G.S. 1A-1, Rule 15, Rules of Civil Procedure."

Motors, Inc. v. Allen

Assuming, *arguendo,* the Supreme Court did not authorize the parties to amend their pleadings without express permission of the trial court, we think the denial of plaintiff's motion to strike defendant's amended answer was tantamount to permitting defendant to file the amended answer. G.S. 1A-1, Rule 15(a), authorizes the court to allow amendments to pleadings "when justice so requires." Rule 15(b) authorizes the court to allow amendments to pleadings "as may be necessary to cause them to conform to the evidence" and provides that amendments may be allowed at any time, even after judgment. The rule also contemplates liberality on the part of the court in allowing amendments to the pleadings. We find no merit in the assignment and the same is overruled.

[2]   By its assignment of error number 9, based on exception 9, plaintiff contends the court erred in its charge to the jury. In the record, immediately preceding the jury charge, is written "EXCEPTION NO. 9," and under "GROUPING OF EXCEPTIONS AND ASSIGNMENTS OF ERROR" we find: "9. That the court erred in its charge to the jury and statements of fact and law therein. EXCEPTION NO. 9 (R p 81)." At no place in the record does plaintiff specify the portion or portions of the charge to which it excepts.

In *Corns v. Nickelston,* 257 N.C. 277, 278, 125 S.E. 2d 588, 588 (1962), it is said:

> " 'While exceptions to the charge may be noted after trial, when the statement of case on appeal is prepared, even so, such exceptions should be included in appellant's statement of case on appeal as served on the appellee, in order that the latter may be fully apprised at that juncture of the theory of the appeal.' *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208. Since the 'exceptions' do not specify wherein it is claimed the court erred in instructing the jury, they are broadside and wholly ineffectual to support the assignments of error."

In *Collyer v. Bell,* 12 N.C. App. 653, 184 S.E. 2d 414 (1971), this court held that an assignment of error to the charge must quote the portion of the charge to which the appellant takes exception, point out the alleged error, and indicate what the court should have charged.

It is true that plaintiff in its brief quoted portions of the charge which plaintiff contends are erroneous but this is not

sufficient to present questions to the charge. We hold that plaintiff's assignment of error to the charge is broadside, therefore, the same is overruled.

We have carefully considered the other assignments of error brought forward and argued in plaintiff's brief but finding them to be without merit, they too are overruled.

No error.

Judges CAMPBELL and VAUGHN concur.