HAZEL MARTIN REDMAN v. HOWARD GRAYSON NANCE

No. 7723SC468

(Filed 16 May 1978)

**Automobiles § 76.1— striking car from rear at stop sign—absence of contributory negligence**

In this action to recover for injuries sustained in a rear-end collision, defendant's testimony that plaintiff, after having stopped before entering a highway, then proceeded forward a few feet and stopped again, and that he was not looking at plaintiff's car after it moved forward and struck it from the rear was insufficient to support the court's submission of an issue of contributory negligence to the jury.

APPEAL by plaintiff from *Crissman, Judge.* Judgment entered 16 March 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 8 March 1978.

Plaintiff brings this action to recover for injuries sustained in a rear-end collision. Defendant denied negligence in striking the rear of plaintiff's vehicle and pled contributory negligence.

At trial, plaintiff's evidence tended to show that about midnight on 5 June 1976 plaintiff left the parking lot of Chatham Manufacturing Company and stopped at a stop sign with her headlights and brake lights on at the entrance to Highway 268, where she waited for traffic to clear. She intended to enter the highway and turn right. Plaintiff testified that the stop sign was about four or five feet from the highway, that she stopped there and did not go forward, that she was hit from behind, and her car was knocked two or three feet into the highway. Officer Simmons investigated and testified that plaintiff's vehicle was only about two feet into the highway, that defendant told him that plaintiff had appeared to him to start out into the highway but had stopped before getting to the highway. Plaintiff sustained injury to her neck and back.

Defendant testified that plaintiff stopped, then moved into the highway and stopped again, suddenly and for no reason, causing him to hit her. He admitted that he was not looking ahead at plaintiff's car after he saw her move. ". . . I looked up to my left to see there wasn't anything else coming, I didn't see anything, so I started easing on before I looked back around. That is where I

made my mistake. . . . That is when I bumped into her." Defendant testified that plaintiff's car was "two-thirds of the way turned off down the street" when he hit her, and that the officer's diagram misrepresented where the cars were after the accident.

After all the evidence was presented the trial judge announced to the lawyers for both sides that he would submit the issue of contributory negligence to the jury out of an "abundance of precaution," although he stated that "there is mighty little evidence of contributory negligence . . . I don't think you can get along with it very much." The record does not show that plaintiff made any objection to the submission of the issue of contributory negligence. The judge charged on contributory negligence. The jury found negligence by defendant and contributory negligence by plaintiff. From judgment on the verdict the plaintiff appeals.

*Franklin Smith for plaintiff appellant.*

*Moore & Willardson by Larry S. Moore and John S. Willardson for defendant appellee.*

CLARK, Judge.

The sole question presented by this appeal is whether the trial court erred in submitting the issue of contributory negligence to the jury.

The failure of plaintiff to except to the statement of the trial judge, when made, that out of "an abundance of precaution" he was submitting the contributory negligence issue to the jury, did not constitute a waiver. *Carruthers v. R.R.*, 215 N.C. 675, 2 S.E. 2d 878 (1939). Exceptions to the charge may be noted after trial and included in the appellant's record on appeal. *Corns v. Nickelston*, 257 N.C. 277, 125 S.E. 2d 588 (1962); *Bank v. Barry*, 14 N.C. App. 169, 187 S.E. 2d 478 (1972). The court has the duty to charge the law on the substantial features of the case arising on the evidence and the failure to do so is prejudicial error. *Payne v. Lowe*, 2 N.C. App. 369, 163 S.E. 2d 74 (1968).

The only evidence from which there could be a possible inference of contributory negligence on the part of the plaintiff is the testimony of the defendant that plaintiff, having stopped before entering the highway, then proceeded forward a few feet and stopped again. But defendant added that he was not looking

at plaintiff's car after it moved forward. Under these cir-
cumstances defendant's testimony relative to the second stop had
no probative value as evidence of contributory negligence. Con-
sidering the evidence in the light most favorable to defendant, it
does not provide evidential support for the defense of con-
tributory negligence, and the trial court erred in submitting this
issue to the jury.

The judgment is reversed and the cause remanded for a

New trial.

Judges BRITT and ERWIN concur.