JANET ANDERSON, BY HER NEXT FRIEND, OLETA ANDERSON v. CHARLES LINDSAY LUTHER.

(Filed 29 October, 1958.)

1. **Automobiles § 41s—**
    Evidence tending to show that defendant motorist overtook and struck a bicyclist who was traveling in the same direction, one or two feet from the edge of her right side of the highway, is sufficient to be submitted to the jury, defendant's evidence in conflict not being considered in passing upon motion to nonsuit.

2. **Appeal and Error § 38—**
    A contention not based on any exception or assignment of error will not be considered.

PARKER, J., not sitting.

APPEAL by defendant from *Preyer, J.*, February Term, 1958, of DAVIDSON.

Personal injury action in which the jury, having answered issues of negligence and contributory negligence in favor of plaintiff, awarded damages in the amount of $1,500.00.

Plaintiff was injured September 22, 1957, as the result of a collision on Highway 109, near Denton, between an automobile operated by defendant and a bicycle on which plaintiff was riding. Both vehicles were traveling south, the automobile overtaking the bicycle.

The only evidence was that offered by plaintiff. According to her testimony, she was riding on her right (west) side of the highway in a straight course, one or two feet from the edge of the pavement, when defendant's car overtook and struck her. Defendant, relying on testimony elicited on cross-examination of the investigating State Highway Patrolman relating to physical conditions and to declarations of defendant, contended that the collision occurred near the center of the highway and that shortly before the collision "the bicycle took to the left" into the path of defendant's car.

Judgment was entered in accordance with the verdict. Defendant excepted and appealed.

*W. H. Steed for plaintiff, appellee.*
*Otway Burton and Don Davis for defendant, appellant.*

PER CURIAM. Assignments of error brought forward in defendant's brief are based on exceptions (1) to the overruling of his motion for judgment of nonsuit and (2) to designated portions of the charge. It is quite plain that the court's action in overruling defendant's motion for judgment of nonsuit was correct; and careful consideration of each assignment directed to a designated portion of the charge fails to disclose prejudicial error.

It is noted that defendant contends that the court erred in failing to charge the jury in certain respects set forth in his brief. However, the appeal presents no question of law relating to these matters; for these contentions are not based on any exception or assignment of error. *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926; *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208.

No error.

PARKER, J., not sitting.