STATE OF NORTH CAROLINA v. WILLIAM LEON JOHNSON

No. 698SC234

(Filed 28 May 1969)

1. Criminal Law § 166— the brief — contentions — exceptions

    A contention in the brief not based on any exception or assignment of error will not be considered on appeal.

2. Criminal Law § 143— revocation of suspended sentence — findings of fact

    Revocation of defendant's suspended sentence on ground that defendant failed to comply with condition of probation that he work faithfully at suitable employment as far as possible and save his earnings above his reasonable necessary expenses, *held* supported by the findings of fact.

APPEAL by defendant from PARKER, J., December 1968 Regular Session, WAYNE County Superior Court.

On 16 November 1966 William Leon Johnson (defendant) entered a plea of guilty in Wayne County Superior Court to the crime of unauthorized use of an automobile. Judge Peel sentenced him to 24 months in the common jail of Wayne County. The sentence was then suspended and the defendant was placed on probation for a period of three years under certain conditions. One condition of probation was that he "(w)ork faithfully at suitable, gainful employment as far as possible and save his earnings above his reasonable necessary expenses."

On 16 December 1968 Judge Parker entered an order revoking probation, which set out:

    "THAT the defendant has wilfully violated the terms and conditions of the probation judgment as hereinafter set out;

    That the said defendant has failed and refused to work faithfully at suitable and gainful employment since September 1st, 1968, in violation of the condition of probation that he shall work faithfully at suitable and gainful employment and save his earnings above reasonably necessary expenses."

On 20 December 1968 Judge Parker entered a judgment and commitment upon revocation of suspension of sentence, which recited:

    "The defendant appeared before the court this day after due notice upon an inquiry into an alleged violation of condition of suspension of the prison sentence imposed in that certain JUDGMENT SUSPENDING SENTENCE appearing of record in this case issued on the 16 day of Nov., 1966.

From evidence presented, the court finds as fact that within the specified period of suspension, the defendant has failed to comply with the terms of probation judgment."

The defendant excepted to this judgment and appealed to the Court of Appeals.

*Attorney General Robert Morgan and Deputy Attorney General Harrison Lewis for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

CAMPBELL, J.

The defendant had only one exception and in the assignments of error the defendant set out:

"THAT ERROR OF LAW APPEARS ON THE FACE OF THE RECORD PROPER IN THAT THE FINDINGS OF FACT MADE BY THE COURT DO NOT SUPPORT THE JUDGMENT OF REVOCATION:"

[1]   In his brief, the defendant attempted to raise other errors, namely, that he did not receive proper notice of the hearing on the revocation of probation; he was not represented by counsel; and the evidence was insufficient to support the findings of fact.

"A contention in the brief not based on any exception or assignment of error will not be considered. . . ." 1 Strong, N. C. Index 2d, Appeal and Error, § 45, p. 187. *Anderson v. Luther,* 249 N.C. 128, 105 S.E. 2d 293.

[2]   The findings of fact clearly support the judgment entered by Judge Parker, and the record on appeal does not show any error in the trial court.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.