MILWAUKEE INSURANCE COMPANY v. McLEAN TRUCKING COMPANY.

(Filed 18 April, 1962.)

**1. Appeal and Error § 21—**

A sole assignment of error to the judgment does not present the sufficiency of evidence to support the findings of fact but only whether error of law appears on the face of the record proper, which includes whether the findings are sufficient to support the judgment and whether the judgment is regular in form.

**2. Appeal and Error § 22—**

The findings of fact will be presumed to be supported by evidence in the absence of exceptions to the findings.

**3. Appeal and Error § 49—**

Where the findings of fact are insufficient to support the judgment dismissing the action, the judgment must be reversed.

**4. Insurance § 86;    Parties § 1—**

The destruction of insured property by a tortious act gives rise to a single indivisible cause of action, and when the insurer has paid the entire loss he is subrogated to the rights of the insured either by agreement in the contract or by equitable subrogation, and becomes the real party in interest with the sole right to maintain an action against the tort-feasor for the loss. G.S. 1-57.

**5. Same;    Judgments § 29—**

Where a tortious act results not only in the loss of insured property, but also damage to the truck transporting the insured property and the death of the driver of the truck, and the insurer pays the entire loss of cargo, judgment for the recovery of damages to the truck and for the wrongful death in an action by the truck owner and the personal representative of the deceased driver does not bar insurer from thereafter maintaining an action against the tort-feasor for the value of the insured cargo.

APPEAL by plaintiff from *Walker, S.J.,* 4 December 1961 Civil Term of FORSYTH.

On 27 July 1958 a tractor-trailer unit owned by David V. Miller, d/b/a Interstate Motor Lines, and driven by its employee, Joe Washington Scott, Jr., and a tractor-trailer unit owned by McLean Trucking Company and driven by its employee, William Lester Oliver, collided on Virginia Highway 304 near the town of South Boston. Miller and McLean Trucking Company were common motor carriers. The tractor-trailer unit and its equipment owned by Miller were damaged, and its cargo of used furniture was destroyed by a fire resulting from the collision. The plaintiff here, Milwaukee Insurance Company, had insured Miller under its policy No. IM63579, Motor Truck Merchandise Floater, against damage or loss to this cargo of used furniture being transported by Miller as a common motor carrier.

On 31 July 1958 Miller instituted in the Guilford County Superior Court, High Point Division, a civil action against McLean Trucking Company and Oliver its driver seeking recovery in the sum of $8,250.00 for damages to his tractor-trailer unit and equipment, and recovery in the sum of $1,681.00 for destruction of the cargo of used furniture he was transporting. His complaint does not allege the ownership of the used furniture or that it was insured.

In this collision Joe Washington Scott, Jr., the driver of Miller's tractor-trailer, was killed. His administrator instituted suit in the same court against McLean Trucking Company and Oliver its driver for damages for his intestate's death.

In both cases defendants denied negligence on their part, pleaded contributory negligence of Joe Washington Scott, Jr., by way of defense, and pleaded counterclaims.

The two cases were consolidated for trial, and tried at 22 June 1959 Civil Term of Guilford Superior Court, High Point Division, by Thompson, S.J., and a jury. This stipulation appears in the record:

> "IT IS STIPULATED that at the trial of the prior action entitled '*David V. Miller, d/b/a Interstate Motor Lines, v. McLean Trucking Company, et al.*,' the plaintiff Miller, at the close of all the evidence, took a voluntary nonsuit as to that portion the plaintiff set forth in the complaint and the prayer therein respecting the damage, if any, to the cargo in the sum prayed for in the complaint of $1,681."

The jury awarded damages of $27,000.00 in the wrongful death case, and damages of $4,000.00 to Miller for injury to his tractor-trailer unit and its equipment. Judgment was entered in accord with the verdict. Upon appeal to the Supreme Court, No Error was found in the trial. *McCombs v. Trucking Co.* and *Miller v. Trucking Co.*, 252 N.C. 699, 114 S.E. 2d 683.

The present action was brought on 11 May 1961 by plaintiff, Milwaukee Insurance Company, to recover from defendant for the loss of the cargo of used furniture entirely destroyed by fire resulting from the aforesaid collision on 27 July 1958, which cargo was insured by it as set forth above, and which collision was caused by the alleged actionable negligence of defendant. Plaintiff alleges in Paragraph XI of its complaint:

> "As a result of said collision and the ensuing damage to the cargo being transported by the plaintiff's insured, David V. Miller, plaintiff was called upon to pay and paid on behalf of David V. Miller to the shippers of said furniture the entire loss sustained by said shippers as a result of the destruction of said cargo, to-wit, $1,661.75, and plaintiff is the only real party in interest with respect to an action to recover damages for the destruction of said cargo."

Defendant by answer and motion pleaded the former final judgment in Miller's action against it as an absolute bar to the maintenance of the present action, and prayed its dismissal. Defendant in its answer alleged that Miller in the prior action chose to prosecute only a part of his claim, notwithstanding he then had legal title to the entire claim, that he took a voluntary nonsuit at the close of all the evidence as to the loss of cargo, that the present plaintiff is subro-

gated only to the rights of its insured Miller, and is in privity with him, and to allow plaintiff to maintain this suit would constitute the splitting of a single indivisible cause of action.

At the hearing of defendant's motion before Judge Walker plaintiff introduced in evidence, without objection, the record in the prior action of *Miller v. McLean Trucking Company.*

Defendant introduced in evidence "the following PORTION OF ARTICLE IX OF THE COMPLAINT filed by *Milwaukee Insurance Company v. McLean Trucking Company,* in the prior action, wherein Milwaukee Insurance Company submitted to a judgment of voluntary nonsuit:

> " '. . . plaintiff stands in privity with the said David V. Miller with respect to the right to recover damages from the defendant; . . .' "

Judge Walker entered a judgment sustaining defendant's plea in bar, and dismissing the action. From this judgment, plaintiff appeals.

*Haworth, Riggs, Kuhn & Haworth, By John Haworth for plaintiff appellant.*

*Spry & Hamrick, By Claude M. Hamrick for defendant appellee.*

PARKER, J. Plaintiff has only one assignment of error, and that is to the signing and entering of the judgment and to the judgment. Plaintiff has no exception to Judge Walker's findings of fact.

Judge Walker's judgment recites near its beginning: "It appearing to the court that in this action the plaintiff seeks recovery of a sum of money, which plaintiff alleges it paid certain shippers of cargo by virtue of a policy of cargo insurance issued to one David V. Miller . . . , which cargo was alleged to have been destroyed in a collision between the motor vehicles of the said David V. Miller and the defendant, McLean Trucking Company." Plaintiff's complaint alleges it has "paid on behalf of David V. Miller to the shippers of said furniture the entire loss sustained by said shippers as a result of the destruction of said cargo, to-wit, $1,661.75, and plaintiff is the only real party in interest with respect to an action to recover damages for the destruction of said cargo."

So far as this appeal is concerned Judge Walker's crucial findings of what he terms facts, but which in reality are findings of fact and conclusions of law, are in substance: Miller in the prior action chose to prosecute only a part of his claim, notwithstanding he then had legal title to and introduced evidence concerning the entire claim. Plaintiff in this action is subrogated only to the rights of its insured Miller, and

is in privity with him. If plaintiff were permitted to maintain its action arising out of the same collision upon the same facts relied on by Miller in the prior action, it would constitute a multiplicity of suits and the splitting of a single indivisible cause of action. The final judgment in *Miller v. McLean Trucking Company* constitutes a bar to the maintenance of the present action.

Where insured property is destroyed or damaged by the tortious act of another, the right of action accruing to the injured party is for an indivisible wrong—and a single wrong gives rise to a single indivisible cause of action. *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231; *Insurance Co. v. Motor Lines, Inc.,* 225 N.C. 588, 35 S.E. 2d 879; *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686, 64 A.L.R. 656; *Powell v. Water Co.,* 171 N.C. 290, 88 S.E. 426, Ann. Cas. 1917 A. 1302; 1 Am. Jur. 2d, Actions, sec. 127.

Where insured property is destroyed or damaged by the tortious act of another and *the insurance paid the owner of the property covers the loss in full,* the insurance company, as a necessary party plaintiff, must sue in its own name to enforce its right of subrogation of the owner's indivisible cause of action against the tort-feasor. The rationale of this rule is, the insurance company in such case is entitled to the entire recovery in the action, and must be regarded as the real party in interest by virtue of G.S. 1-57, which states explicitly "every action must be prosecuted in the name of the real party in interest." *Herring v. Jackson,* 255 N.C. 537, 543, 122 S.E. 2d 366, 371-2; *Insurance Co. v. Gas Co.,* 247 N.C. 471, 101 S.E. 2d 389; *Smith v. Pate,* 246 N.C. 63, 97 S.E. 2d 457; *Burgess v. Trevathan, supra; Insurance Co. v. Motor Lines, Inc., supra; Underwood v. Dooley, supra; Insurance Co. v. Lumber Co.,* 186 N.C. 269, 119 S.E. 362; *Powell v. Water Co., supra; Cunningham v. R. R.,* 139 N.C. 427, 51 S.E. 1029.

Plaintiff's one assignment of error is to the judgment. That raises the question whether an error of law appears on the face of the record proper. This includes the question whether the facts found by the judge are sufficient to support the judgment, and whether the judgment is regular in form. Such an assignment of error does not bring up for review the evidence upon which the findings of fact are based. In the absence of an exception to the findings of fact, the findings of fact are presumed to be supported by the evidence, and are binding on appeal. *Webb v. Gaskins,* 255 N.C. 281, 121 S.E. 2d 564; *Goldsboro v. R. R.,* 246 N.C. 101, 97 S.E. 2d 486; *Suits v. Insurance Co.,* 241 N.C. 483, 85 S.E. 2d 602; *Hoover v. Crotts,* 232 N.C. 617, 61 S.E. 2d 705; Strong's N. C. Index, Vol. 1, Appeal and Error, § 21, where numerous cases are cited.

Defendant states in its brief: "The insurance contract was between

the insurance company and Miller and not with the shippers of the cargo." The insurance policy is not in the record. There is a recital in the judgment to the effect that it appears in this action plaintiff alleges it paid certain shippers of cargo by virtue of a policy of cargo insurance it issued to David V. Miller, d/b/a Interstate Motor Lines. There is nothing in the findings of fact to indicate the entire coverage provided by this policy. In the complaint in this action it is called a "Motor Truck Merchandise Floater" policy. Defendant states in its brief: "In the present case the insurance company paid only a portion of the loss sustained in the collision." This statement in the brief finds no support in the findings of fact. Defendant further states in its brief: "It should also be noted that since Miller was a common carrier and a bailee for hire, his responsibility for the loss of cargo would be to the shippers, thus giving to him a special interest in recovery for its loss."

The general rule is that upon payment of a loss, pursuant to the terms of its contract of insurance, the insurer, or insurers in the case of coinsurance, are entitled to be subrogated *pro tanto* to any right of action which the insured may have against a third party whose negligence or wrongful act caused the loss. The right of an insurer to be thus subrogated to the rights of the insured may be either the right of conventional subrogation—that is, subrogation by agreement between the insurer and the insured—or the right of equitable subrogation, by operation of law, upon the payment of the loss. *Smith v. Pate, supra; Underwood v. Dooley, supra; Insurance Co. v. R. R.,* 179 N.C. 255, 102 S.E. 417; *Cunningham v. R. R., supra;* 29A Am. Jur., Insurance, sec. 1719.

If the contract of insurance of plaintiff here covered the cargo alone, and if the plaintiff here, pursuant to the terms of its contract of insurance, has paid Miller and the owners of the cargo destroyed in the collision an amount that covers the loss in full prior to the trial of the case of *Miller v. McLean Trucking Company and Oliver* at 22 June 1959 Civil Term of Guilford Superior Court, High Point Division, Miller would have no right to recover in that trial for such loss, because "every action must be prosecuted in the name of the real party in interest," G.S. 1-57, and under such circumstances plaintiff would be "the real party in interest," and a recovery for such loss must be in a suit brought by plaintiff in its name to enforce its right of subrogation of the indivisible cause of action against the alleged tort-feasors. Under such circumstances, if such existed, Miller in his trial could only take a voluntary nonsuit or suffer an involuntary nonsuit. "Where, however, the insurance company has fully compensated its insured for all damages he has sustained, the insured no

longer is the real party in interest. No right of action vests in him. The insurer is the real and only party interested in the result and hence the only party that can maintain the action." *Smith v. Pate, supra.*

The trial judge's so-called finding of fact, "Miller in the prior action chose to prosecute only a part of his claim, notwithstanding he then had legal title to and introduced evidence concerning the entire claim," is a conclusion of law or a mixed finding of fact and conclusion of law.

We are of opinion, and so hold, that the findings of fact in the judgment are insufficient to support the judgment dismissing plaintiff's action.

Plaintiff has filed in this Court a motion to amend its complaint by striking therefrom Paragraph XI, and inserting in lieu thereof the following:

> "As a result of said collision and the ensuing damage to the cargo being transported by the plaintiff's insured, David V. Miller, plaintiff was called upon to pay and paid on behalf of David V. Miller to the shippers of said cargo the entire loss sustained by said shippers as a result of the destruction of said cargo, to-wit, One Thousand Six Hundred Sixty One and 75/100ths ($1661.75) Dollars; the shippers of said cargo, namely Furniture Dealers Supply Company and Ideal Chair Company, Incorporated, were the owners of said cargo and David V. Miller neither had nor owned any interest in said cargo; payment under its policy of cargo insurance was made by plaintiff to Furniture Dealers Supply Company by its draft Number M24631 dated January 7, 1959 in the sum of $1536.00 payable to 'David B. [sic] Miller t/a Interstate Motor Lines, and Furniture Dealers Supply Company' and to Ideal Chair Company, Incorporated by its draft Number M66992 dated January 7, 1959 in the sum of $125.75 payable to 'David B. [sic] Miller t/a Interstate Motor Lines and Ideal Chair Company, Incorporated' (copies of said drafts and the endorsements thereto being hereto attached and incorporated by reference herein); the policy of cargo insurance whereunder said losses were paid contained no deductible provision and plaintiff is the only real party in interest with respect to an action to recover damages for the destruction of said cargo."

This motion is denied without prejudice. Plaintiff may apply to the trial court below, pursuant to the provisions of G.S. 1-163, for permission to so amend his complaint.

The judgment below is

Reversed.