PER CURIAM.
Appellant, defendant/counter-plaintiff/ third party plaintiff seeks reversal of a summary final declaratory judgment and an amended summary final declaratory judgment entered in the Circuit Court of Dade County, Florida in a dispute as to insurance coverage between the two insurers and the insured.
The trial court found that there existed no genuine issues of material fact and rendered summary final declaratory “no coverage” judgment in favor of appellees, Leath-erby and Geico. We find error and reverse.
We hold that a person who is operating a vehicle with the owner’s permission and is injured by the negligence of a driver of another automobile may “stack” his own uninsured motorist coverage with that of the vehicle’s owner in order to recover an amount in excess of the tortfeasor’s liability coverage pursuant to Section 627.727(2)(b), Florida Statutes (1975) [1].
The judgments appealed are reversed on the authority of Cox v. State Farm Mutual Automobile Insurance Co., 378 So.2d 330 (Fla.2d DCA 1980); Lezcano v. Leatherby Insurance Co., 372 So.2d 214 (Fla.4th DCA 1979) and United States Fidelity & Guaranty Co. v. Curry, 371 So.2d 677 (Fla.3d DCA 1979), cert. granted, 395 So.2d 530 (Fla.1980).
Reversed and remanded.

. This accident occurred in 1975; therefore, the “antistacking” statute, Section 627.4132, enacted in 1976, is not applicable.