395 So.2d 230 (1981)
SOUTHEASTERN FIDELITY INSURANCE COMPANY, Appellant,
v.
Linda Joyce EARNEST n/k/a Linda Castillo, Appellee.
No. 80-1149.
District Court of Appeal of Florida, Third District.
March 3, 1981.
Rehearing Denied April 1, 1981.
Haddad & Josephs and Michael Seth Cohen, Miami, for appellant.
Sidney L. Syna, Miami, for appellee.
Before HUBBART, C.J., and SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
In accordance with our prior opinion in this case, Southeastern Fidelity Ins. Co. v. Earnest, 378 So.2d 787 (Fla. 3d DCA 1979), the lower court conducted a non-jury trial to determine whether Ms. Earnest could establish that the UM carrier, Southeastern, had not been prejudiced by her unauthorized settlement with and release of the under-insured tortfeasor, Mrs. Bradwell. The trial judge found that an absence of prejudice had been affirmatively established and accordingly entered judgment for Earnest.[1] The judgment is affirmed.
There was overwhelming evidence that the negligent motorist, who was an impoverished maid, was completely judgment-proof.[2] For this reason, the record *231 fully supports the determination that the release was "demonstrably immaterial" to any otherwise-existing ability of Southeastern to recover. Bass v. Aetna Casualty & Surety Co. of Hartford, Conn., 199 So.2d 790, 793 (Fla. 4th DCA 1967), cert. disch., 206 So.2d 212 (Fla. 1968); see also, Kaplan v. Phoenix of Hartford Ins. Co., 215 So.2d 893 (Fla. 3d DCA 1968), cert. denied, 220 So.2d 365 (Fla. 1969). Based on the twenty year viability of a Florida judgment[3] and the remote possibility that any debtor may eventually secure some funds with which to pay at least a part of it, the appellant argues that depriving a carrier of any judgment, however uncollectible, against any defendant, however insolvent, is necessarily prejudicial. Quite apart from the fact that its acceptance would completely negate the "no-prejudice" rule itself, as adopted in Bass, Kaplan and the earlier decision in this very case, this contention is so utterly contrary to common business sense and commercial reality as to be unworthy of any comment beyond summary rejection. A judgment against Mrs. Bradwell would not have been worth the paper it was printed on and no reasonable person would have expended the costs, let alone the attorney's fees, it would have required to get it. When Southeastern lost the opportunity to secure the judgment, it lost nothing. Under our law, a technical and illusory "loss" of this kind cannot result in the forfeiture of insurance coverage.
Affirmed.
NOTES
[1] In the light of our intervening decisions in Figueredo v. Leatherby Ins. Co., 392 So.2d 287 (Fla. 3d DCA 1980) and State Farm Mut. Auto. Ins. Co. v. Colonial Penn Ins. Co., 379 So.2d 1036 (Fla. 3d DCA 1980), the carrier does not contest the resolution against it below of the coverage question which remained open at the time of our first opinion. 378 So.2d at 789.
[2] It was apparent, and the parties stipulated, that Ms. Earnest's case had a value of more than $30,000, the total of the tortfeasor's $10,000 liability coverage and Southeastern's $20,000 UM protection. If the settlement with Mrs. Bradwell had not been effected, therefore, Southeastern's subrogated $20,000 claim against her would have been junior to Ms. Earnest's claim for the amount over $30,000 for which she would not have been compensated. Florida Farm Bureau Ins. Co. v. Martin, 377 So.2d 827 (Fla. 1st DCA 1979). This renders it all the more obvious that the potential $20,000 judgment against Mrs. Bradwell would have been entirely worthless.
[3] § 95.11(1), Fla. Stat. (1979).