DONNA B. PARRISH v. GRAIN DEALERS MUTUAL INSURANCE COMPANY

No. 8710SC422

(Filed 5 July 1988)

**Insurance § 69— automobile underinsurance claim—injured party's settlement with tort feasor—claim not barred**

Plaintiff's underinsurance claim was not barred because she was no longer legally entitled to recover damages of the tort feasor and was barred by the settlement made without defendant insurer's consent only to the extent, if any, that defendant's subrogation rights were prejudiced.

Judge GREENE concurring.

APPEAL by plaintiff from *Hight, Judge.* Orders entered 2 April and 10 April 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 28 October 1987.

Plaintiff, who was seriously injured by and settled with an underinsured motorist, brought this action for underinsurance benefits under the provisions of the liability insurance policy defendant issued for the car she was riding in. Defendant denied coverage and following a hearing in which affidavits, the policy and other documents were submitted by the parties, an order of summary judgment was entered dismissing plaintiff's action pursuant to the provisions of Rule 56, N.C. Rules of Civil Procedure. The materials presented to the court established the following uncontradicted facts:

On 17 August 1985, while a passenger in the vehicle covered by defendant's policy, which had liability limits of $100,000 per person for each accident and underinsurance coverage tied to those limits, plaintiff was seriously injured when a speeding vehicle operated by Reginald L. Ligon on the wrong side of the road struck her vehicle. After her attorney's investigation indicated that Ligon had no personal assets that could be levied on, on 25 August 1986 the claim against him was settled with his auto carrier, American Mutual Fire Insurance Company, for his policy limits of $25,000 per person for each accident. Incident thereto plaintiff signed a release on a standard insurance form styled "RELEASE OF ALL CLAIMS," which contained the following provisions:

> That the Undersigned, being of lawful age, for the sole consideration of . . . $25,000.00 . . . does hereby . . . release, acquit and forever discharge Reginald Ligon . . . of and from any and all claims . . . whatsoever, which the undersigned now has . . . or which may hereafter accrue on account of . . . the accident . . . which occurred on or about the 17 day of August 1985 at or near Raleigh NC.

Before the settlement there was no contact between plaintiff and defendant, but on the same day settlement was made plaintiff's attorney wrote defendant and informed it of the collision, plaintiff's injuries, the $25,000 settlement, and of her claim against the underinsured motorist coverage of its policy. In responding to the letter defendant denied coverage for the reasons later stated in its answer.

The policy involved, subject to its limits and other conditions, requires defendant to pay "all sums the insured is legally entitled

to recover as damages from the owner or driver" of the other vehicle after all applicable liability bonds or policies "have been exhausted by judgment or payments"; and it states that the underinsurance "does not apply to . . . [a]ny claim settled without our consent." The policy further provides that:

> If we make any payment, we are entitled to recover what we paid from other parties. Any person to or for whom we make payment must transfer to us his or her rights of recovery against any other party. This person must do everything necessary to secure these rights and must do nothing that would jeopardize them.
>
> . . . .
>
> No legal action may be brought against us until there has been full compliance with all the terms of this policy.

*Johnny S. Gaskins for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Patricia L. Holland, for defendant appellee.*

PHILLIPS, Judge.

The facts in this case are not materially different from those recorded in *Silvers v. Horace Mann Insurance Company*, 90 N.C. App. 1, 367 S.E. 2d 372 (1988), where this same panel held that the summary judgment dismissing the plaintiff's claim for underinsurance benefits was erroneous. For the reasons stated therein we hold that plaintiff's underinsurance coverage claim is not barred because she is no longer legally entitled to recover damages of the tort feasor and is barred by the settlement made without defendant's consent only to the extent, if any, that defendant's subrogation rights were prejudiced. Thus, the order of summary judgment dismissing plaintiff's claim is vacated and the case is remanded to the Superior Court for trial consistent with the provisions of the foregoing opinion. Defendant, of course, is not bound by any acknowledgment that the tort feasor may have made and in the trial, unless defendant agrees otherwise, plaintiff will have the burden of proving, along with the other matters alleged in the complaint, that the tort feasor was legally liable for her damages before the settlement was made.

Vacated and remanded.

Judges BECTON and GREENE concur.

Judge GREENE concurring.

I disagree with the majority's holding that the facts of this case are not materially different from the facts in *Silvers v. Horace Mann Ins. Co.*, 90 N.C. App. 1, 367 S.E. 2d 372 (1988). First, I note that unlike *Silvers*, in the present case the release given by the insured to the underinsured tortfeasor contained no reservation of a right of action against the insurer. However, as the insurer does not raise on appeal the lack of a reservation as a bar to the insured's action, the issue of whether such a reservation was required need not be addressed.

Second, unlike *Silvers*, in the present case Grain Dealers had a right to be subrogated to the insured's right of action once it made payment to the insured. *See Milwaukee Ins. Co. v. McLean Trucking Co.*, 256 N.C. 721, 726, 125 S.E. 2d 25, 29 (1962). In *Silvers*, the insurer specifically waived this right to be subrogated in the policy. In the present case, the insured destroyed Grain Dealers' right to be subrogated by settling with the tortfeasor and executing a release.

However, I do agree with the majority that the insurer's loss of its right to be subrogated does not itself bar the insured's claim for underinsurance benefits. In many instances, pursuit of a subrogation claim against an underinsured tortfeasor is futile because of the financial status of the tortfeasor. 2 A. Widiss, *Uninsured and Underinsured Motorist Insurance* Sec. 43.5 at 122 (2d ed. 1987). A technical and illusory "loss" of subrogation rights should not result in the forfeiture of underinsurance benefits. *See Southeastern Fidelity Ins. Co. v. Earnest*, 395 So. 2d 230, 231 (Fla. 3d Dist. Ct. App. 1981); *see also Prudential Property and Cas. Ins. Co. v. Nayerahamadi*, 593 F. Supp. 216 (E.D. Pa. 1984).

Therefore, the inquiry becomes whether the destruction of the insurer's right to be subrogated prejudiced the insurer to the extent that it may avoid partial or complete payment on the policy. Insurance contract provisions should be construed in accord with their purposes and with the reasonable expectations of the parties. *See Great American Ins. Co. v. Tate Const. Co.*, 303

N.C. 387, 390, 279 S.E. 2d 769, 771 (1981). The *Great American* Court held that an insured's breach of a policy provision requiring notice of an accident did not relieve the insurer of its obligations under the policy unless violation of the notice provision operated to materially prejudice the insurer. *Id.* at 390, 279 S.E. 2d at 771.

Accordingly, in keeping with the Supreme Court's opinion in *Great American*, I would remand this case and place the burden on the insurer to prove that it has been materially prejudiced by the loss of its subrogation rights. *See id.* at 398, 279 S.E. 2d at 775. Among the relevant factors that may be considered in deciding whether the insurer has been materially prejudiced are the assets of the underinsured tortfeasor, the potential for the underinsured tortfeasor to obtain assets in the future, and the present and future earning capacity of the tortfeasor. *Compare Southeastern Fidelity*, 395 So. 2d at 330-31 (insurer not prejudiced by release of tortfeasor where she was completely judgment proof) *with General Accident Ins. Co. v. Taplis*, 493 So. 2d 32 (Fla. 5th Dist. Ct. App. 1986) (insurer prejudiced by release of tortfeasor who was healthy twenty-three-year-old man earning $32,000 per year with unrestricted future earning capability).