FLETCHER, J.
Joanna Myers and Raymond Myers appeal a final summary judgment in favor of their insurer, Nationwide Mutual Insurance Company. We reverse.
Joanna Myers, a North Carolina resident, was a passenger in a taxi owned by Super Yellow Cab Corp. when a car owned by Miami-Dade County and driven by a county employee collided with the taxi. Myers, who was insured under a Nationwide policy, was injured as a result of the accident.[1] The county was uninsured; Yellow Cab was underinsured, thus both types of coverages came into play.
As to uninsured motorists coverage (the county), Myers’ policy provided:
“We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:
1. Bodily injury sustained by an insured and caused by an accident; ...
Exclusions
A. We do not provide Uninsured Motorists Coverage for property damage or bodily injury sustained by any insured:
1. If that insured ... settles the bodily injury ... claim without our written consent.”
As to underinsured motorists coverage (Yellow Cab), the applicable policy provision, “Combined Uninsured Underinsured Motorists Coverage,” states, in pertinent part:
*299 “We will also pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured and caused by an accident.... We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:
1. Have been given written notice in advance of settlement between an insured and the owner or operator of the underinsured motor vehicle; and
2. Consent to advance payment to the insured in the amount equal to the tentative settlement.
[[Image here]]
Exclusions
C. We do not provide coverage for bodily injury caused by an underinsured motor vehicle and sustained by an insured:
1. If that insured ... settles the bodily injury claim without our consent. However, this exclusion does not apply if we:
A. Have been given written notice in advance of a settlement between an insured and the owner or operator of the underinsured motor vehicle; and
B. We fail to advance payment to the insured in an amount equal to the tentative settlement within thirty days following receipt of such written notice.”
In June, 2004, Myers filed an amended complaint against Yellow Cab, the taxi driver, the County, and the county employee for damages and against Nationwide for uninsured and underinsured motorists’ benefits. Myers alleged that Yellow Cab was underinsured with policy limits of $50,000,' and that the county and its employee were statutorily uninsured.
At a February 15, 2005, mediation, which was attended by all parties including Nationwide, Myers settled with Yellow Cab and the driver, for $25,000. The mediator issued a report the next day. On February 18, Myers sent a letter to Nationwide requesting consent to settle with Yellow Cab and its driver.- The letter was faxed to Nationwide on February 22. On February 18, Yellow Cab sent a letter to Myers confirming the settlement. Myers executed a General Release on March 3, which excluded the county and its employee, and Yellow Cab sent Myers the $25,000 settlement check on March 23. A stipulated dismissal was filed on March 25.
On March 14, Nationwide and Myers agreed to a partial summary judgment, declaring that the county vehicle was uninsured. On June 10, Myers provided Nationwide with written notice of her intent to settle with the county and its employee for $10,000. Myers requested consent to settle. Nationwide did not respond to the letter. On July 18, Myers wrote to Nationwide, stating that Nationwide had not objected to the settlement. On or about July 27,.Myers obtained the release and settlement check from the county.
Nationwide filed summary judgment motions, contending that Myers’ action was barred based on the releases, the failure to provide the requisite consent to settle, and the failure to exhaust Yellow Cab’s liability limits. Following a hearing, the court granted the summary judgment motions and entered judgment in favor of Nationwide. Myers appeals.
Although there appear to be a number of issues, there is but one that controls. Remembering that North Carolina law governs we turn to Silvers v. Horace Mann Ins. Co., 324 N.C. 289, 378 S.E.2d 21 (1989). After a thorough discussion of *300 matters similar (if not identical) to the instant case, the North Carolina Supreme Court concluded that the insurer had the burden of proving that it was materially prejudiced by the plaintiffs failure to notify it and to procure its consent to settlement. In reaching its conclusion the court stated the following:[2]
“We agree that the insurance company should have an opportunity to establish any prejudice that may have been caused by plaintiffs failure to notify it and to obtain consent to settlement as required by the policy. As we noted previously in a similar context, this approach to interpretation of the consent-to-settlement requirement has the advantage “of providing coverage whenever in the reasonable expectations of the parties it should exist and of protecting the insurer whenever failure strictly to comply with a condition has resulted in material prejudice.” [Great American] Insurance Co. [v. C.G. Tate Const Co.], 303 N.C. [387] at 396, 279 S.E.2d [769] at 775 [ (1981) ].
Accordingly, we remand the case to the Court of Appeals for further remand to the trial court to determine whether Horace Mann was materially prejudiced by plaintiffs failure to notify it and to procure its consent to settlement. See Parrish v. Grain Dealers Mut. Ins. Co., 90 N.C.App. 646, 649-50, 369 S.E.2d 644, 645-46 (Greene, J., concurring), disc. rev. allowed, 323 N.C. 366, 373 S.E.2d 547 (1988). As established in Insurance Co., the insurer will bear the burden of proving that it has been materially prejudiced by the insured’s failure to notify it and to obtain its consent to settlement. Insurance Co., 303 N.C. at 398, 279 S.E.2d at 775-76. “[T]he burden of showing prejudice should be on the insurer because it is seeking to escape its obligation ..., the very thing which it is paid to do.”
Silvers, 378 S.E.2d at 27-28.
The final summary judgment is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.

. The parties agree that North Carolina law governs this case.

. We are not unmindful of the very astute dissent. [See Justice Webb's dissent, Silvers, 378 S.E.2d at 28.] It is not however our place to substitute for the North Carolina court. Our function is to follow the law of North Carolina as announced by its courts.